IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| M.T., a minor by and through his grandmother and next friend, EDWINA WOODLEY, et al., | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | C.A. NO.: 2:21-cv-00364 |
| TATUM UNIFIED SCHOOL DISTRICT, | § § | |
| Defendant. | § | |

**TATUM INDEPENDENT SCHOOL DISTRICT'S[1] RULE 12(b)(1) & (6)
MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT[2]**

---

[1] Plaintiffs continue to erroneously name Tatum Unified School District as a defendant in their amended complaint. *See generally* Dkt. No. 30. As noted in its motion to dismiss, the correct name of the school district at issue in this lawsuit is Tatum Independent School District (Tatum ISD or the District). *See* Dkt. No. 6 at 1, n. 1.

[2] Plaintiffs erroneously entitle Dkt. No. 30 as their "Original Complaint" when it is, in fact, their First Amended Complaint.

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ..................................................................................................ii

TABLE OF AUTHORITIES..........................................................................................iv

NATURE AND STAGE OF PROCEEDINGS.................................................................1

FACTUAL ALLEGATIONS AS PLED BY PLAINTIFFS. ...........................................2

STATEMENT OF THE ISSUES ...................................................................................2

ARGUMENT & AUTHORITIES ..................................................................................3

    A.  Standard of Review ...........................................................................................3

        1.  Rule 12(b)(1)............................................................................................3

        2.  Rule 12(b)(6)............................................................................................3

    B.  Even with the chance to replead, M.T. and K.C. still fail to state a viable
        Equal Protection claim for race discrimination against the District.........................4

        1.  M.T.'s and K.C.'s allegations against the Board are conclusory and devoid
            of factual enhancement ........................................................................5

        2.  M.T.'s and K.C.'s attempt to impute the actions of District employees to
            the Board cannot support a claim for municipal liability ..................................6

        3.  M.T. and K.C. fail to plead sufficient facts that show a pattern of
            disparate enforcement by the District ..................................................7

        4.  M.T. and K.C. fail to plead sufficient facts that would support their claim
            that school officials use race as an invidious criterion for determining
            which students are disciplined for violating the District's hair
            length requirements............................................................................8

    C.  Even with the chance to replead, M.T. and K.C. cannot state a viable Title VI
        claim against the District because the facts alleged do not support an inference
        of intentional race discrimination ...........................................................10

D.  M.T.'s and K.C.'s request for declaratory and injunctive relief should be dismissed ........................................................................................... 12

E.  M.T.'s and K.C.'s statutory claims should be dismissed because they are not entitled to mental anguish damages under Title VI or Title IX ............................ 13

PRAYER ........................................................................................................ 14

CERTIFICATE OF SERVICE............................................................................. 14

## <u>TABLE OF AUTHORITIES</u>

### FEDERAL CASES

*Ashcroft v. Iqbal,*
       556 U.S. 662 (2009) ...................................................................................Passim

*Baker v. Putnal,*
       75 F.3d 190 (5th Cir. 1996) ...................................................................................3

*Bell Atl. Corp. v. Twombly,*
       550 U.S. 544 (2007) ...................................................................................3, 5

*Blanchard-Daigle v. Geers,*
       802 F. App'x 113 (5th Cir. 2020)...................................................................................7, 8

*Burge v. St. Tammany Parish,*
       336 F.3d 363 (5th Cir. 2003) ...................................................................................7

*Clayton ex rel. Hamilton v. Tate Cnty. Sch. Dist.,*
       560 F. App'x 293 (5th Cir. 2014)...................................................................................8, 9

*Club Retro, L.L.C. v. Hilton,*
       568 F.3d 181 (5th Cir. 2009) ...................................................................................8, 9

*Cummings v. Premier Rehab Keller, PLLC,*
       142 S.Ct. 1562 (2022) ...................................................................................13

*Davenport v. Randolph Cty. Bd. of Educ.,*
       730 F.2d 1395 (11th Cir. 1984) ...................................................................................12

*Den Norske Stats Oljeselskap As v. Heeremac VOF,*
       241 F.3d 420 (5th Cir. 2001) ...................................................................................3

*Domico v. Rapides Parish School Board,*
       675 F.2d 100 (5th Cir. 1982) ...................................................................................12

*Estate of Davis v. City of North Richland Hills,*
       406 F.3d 375 (5th Cir. 2005) ...................................................................................7

*Eugene v. Alief Indep. Sch. Dist.,*
       65 F.3d 1299 (5th Cir. 1995) ...................................................................................6

*Frye v. Anadarko Petro. Corp.*,
    953 F.3d 285 (5th Cir. 2019) ....................................................................... 13

*Gonzalez v. Kay*,
    577 F.3d 600 (5th Cir. 2009) ........................................................................ 3

*Gonzalez v. Ysleta Indep. Sch. Dist.*,
    996 F.2d 745 (5th Cir. 1993) ........................................................................ 4

*Hartford Ins. Group v. Lou-Con, Inc.*,
    293 F.3d 908 (5th Cir. 2002) ........................................................................ 3

*Jesperson v. Harrah's Operating Co., Inc.*,
    444 F.3d 1104 (9th Cir. 2006) (en banc) ................................................... 12

*Jett v. Dallas Indep. Sch. Dist.*,
    7 F.3d 1241 (5th Cir. 1993) .......................................................................... 6

*Johnson v. Moore*,
    958 F.2d 92 (5th Cir. 1992) ...................................................................... 6, 7

*Johnson v. Rodriguez*,
    110 F.3d 299 (5th Cir. 1997) ........................................................................ 9

*Karr v. Schmidt*,
    460 F.2d 609 (5th Cir. 1972) ..................................................................... 12

*Monell v. Department of Social Services of the City of New York*,
    436 U.S. 658 (1978) ............................................................................ 4, 6, 7

*Pedrozo v. Clinton*,
    610 F. Supp. 2d 730 (S.D. Tex. 2009) ......................................................... 3

*Peterson v. City of Fort Worth, Tex.*,
    588 F.3d 838 (5th Cir. 2009) ........................................................................ 8

*Piotrowski v. City of Houston*,
    237 F.3d 567 (5th Cir. 2001) ........................................................................ 6

*Rivera v. Houston Indep. Sch. Dist.*,
    349 F.3d 244 (5th Cir. 2003) ..................................................................... 5, 6

*Roque v. Jazz Casino Co. LLC*,
   388 F. App'x 402 (5th Cir. 2010)..............................................................................4

*Valle v. City of Houston*,
   613 F.3d 536 (5th Cir. 2010)..............................................................................7, 8

*Webster v. City of Houston*,
   735 F.2d 838 (5th Cir. 1984) (en banc)..................................................................8

## FEDERAL STATUTES

42 U.S.C. § 2000d ........................................................................................................10

## <u>NATURE AND STAGE OF PROCEEDINGS</u>

Edwina Woodley, individually; Kambry Cox, individually; M.T., a minor, through his grandmother, Woodley; and K.C., a minor, through his mother, Cox, filed suit against Tatum Independent School District (the District), as well as its Board and Superintendent, alleging violations of their rights under Section 1983, Title VI, Title IX, and state law. *See generally* Dkt. No. 1. On December 13, 2021, the District, its Board, and Superintendent Richardson moved to dismiss all of the Plaintiffs' claims, pursuant to Rule 12(b)(1) and (6). *See* Dkt. No. 6. Plaintiffs filed a response, on January 20, 2022, and the Defendants filed a reply, on February 3, 2022. *See* Dkt. Nos. 9-10. On April 21, 2022, the Court heard oral argument on the motion to dismiss. *See* Dkt. No. 15. On September 30, 2022, the Court issued an Order dismissing Plaintiffs' Section 1983 race, Title VI, Fourteenth Amendment Due Process, First Amendment retaliation, Title IX retaliation, and all State claims, as well as any claim for punitive damages. *See* Dkt. No. 28. The Court also found all individual defendants were entitled to qualified immunity and, therefore, dismissed all claims against them. *Id*. The Court denied the motion to dismiss, as premature, as to Plaintiffs' Section 1983 gender, Title IX, and First Amendment Freedom of Expression claims, as well as Plaintiffs' claims for declaratory relief. *Id*. The Court afforded Plaintiffs the opportunity to amend their complaint to replead their Section 1983 race and Title VI claims. *Id*.

Pursuant to the Court's Order, M.T., through Edwina Woodley, and K.C., through Kambry Cox, filed an amended complaint, on October 17, 2022, against the District alone. *See* Dkt. No. 30. As Plaintiffs' allegations remain almost entirely the same, the District once again moves to dismiss Plaintiffs' Section 1983 race, Title VI, and declaratory and

1

injunctive relief claims.[3] The District also moves to dismiss Plaintiffs' claims for damages for emotional harm under Title VI and Title IX pursuant to recent United States Supreme Court authority.

## FACTUAL ALLEGATIONS AS PLED BY PLAINTIFFS

M.T.'s and K.C.'s amended complaint contains similar, if not exactly the same, allegations as those in their original complaint. *Compare* Dkt. No. 1 *generally with* Dkt. No. 30 *generally*. As such, the District relies on the Court's recitation of the facts in its previous Order on the District's original motion to dismiss. *See* Dkt. No. 28 at pp. 1-4.

## STATEMENT OF THE ISSUES

1. M.T.'s and K.C.'s Section 1983 Equal Protection Clause race discrimination claims should be dismissed because their allegations are merely conclusory and devoid of factual enhancement and do not support an inference of intentional race discrimination.

2. M.T.'s and K.C.'s Title VI claims should be dismissed because their allegations are merely conclusory and devoid of factual enhancement and do not support an inference of intentional race discrimination.

3. M.T.'s and K.C.'s claims for injunctive and declaratory relief should be dismissed as moot because they affirmatively plead the District has already amended its dress code to remove the relevant language, M.T. and K.C. no longer attend school within the District, and M.T. and K.C. fail to state a viable underlying claim for a violation of Section 1983 and Title VI.

4. M.T.'s and K.C.'s claims for mental anguish damages brought under Title VI and Title IX must be dismissed because damages for emotional harm are not recoverable under these statutes as a matter of law.

---

[3] For the purpose of this motion and in light of the Court's analysis contained in its Order (Dkt. No. 28), the District will not re-argue its Rule 12 motion to dismiss as it pertains to Plaintiffs' Section 1983 gender, Title IX, or First Amendment Freedom of Speech claims. However, for purposes of appeal and error preservation, the District asserts that Plaintiffs' amended pleadings still fail to state a claim under Rule 12 for those causes of action, for the reasons set forth in the District's previous motion to dismiss, which are incorporated here pursuant to Federal Rule Civil Procedure 10(c); Dkt. No. 6.

## ARGUMENT & AUTHORITIES

**A.     *Standard of Review.***

    *1.     Rule 12(b)(1).*

Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge the Court's exercise of subject matter jurisdiction over a case. *See Den Norske Stats Oljeselskap As v. Heeremac VOF*, 241 F.3d 420, 424 (5th Cir. 2001). "In ruling on a motion to dismiss for lack of subject matter jurisdiction, a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.* A court must accept all factual allegations in the plaintiff's complaint as true, and the burden of establishing a federal court's subject matter jurisdiction rests with "the party seeking to invoke it." *See Pedrozo v. Clinton*, 610 F. Supp. 2d 730, 733 (S.D. Tex. 2009) (citing to *Hartford Ins. Group v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002)).

    *2.     Rule 12(b)(6).*

When reviewing a motion to dismiss pursuant to Rule 12(b)(6), a court must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level…." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (internal quotations omitted).

The Supreme Court in *Iqbal* explained that *Twombly* illustrates the applicable "two-pronged approach" for determining whether a complaint states a plausible claim for relief. *Iqbal*, 556 U.S. at 679. A court must identify those pleadings that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. Legal conclusions "must be supported by factual allegations." *Id*. Upon identifying the well-pleaded factual allegations, the court "should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Additionally, a motion to dismiss should be granted when a claim fails as a matter of law. *See Roque v. Jazz Casino Co. LLC*, 388 F. App'x 402, 404 (5th Cir. 2010) ("Roque's Section 1983 claim fails as a matter of law because Jazz Casino and Newell are not state actors.").

**B.    *Even with the chance to replead, M.T. and K.C. still fail to state a viable Equal Protection claim for race discrimination against the District.***

The Supreme Court held in *Monell v. Department of Social Services of the City of New York* that local governments can only be held liable for constitutional wrongs inflicted on their citizens pursuant to official policy. 436 U.S. 658, 694 (1978) (holding "that a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."); *see also Gonzalez v. Ysleta Indep. Sch. Dist.*, 996 F.2d 745, 752-53 (5th Cir. 1993). Under

*Monell* and its progeny, municipal liability under Section 1983 requires pleading and, ultimately proof of, three elements: (1) a policymaker; (2) an official policy or custom; and (3) a violation of constitutional rights whose "moving force" is the policy or custom. *See Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 247 (5th Cir. 2003).

     1.     *M.T.'s and K.C.'s allegations against the Board are conclusory and devoid of factual enhancement.*

In support of their Section 1983 race discrimination claim, M.T. and K.C. allege the District's adoption of the now-moot 2019-2020 hair policy was "motivated, at least in part, by the racially discriminatory goal of restricting Black students from wearing their natural hair or culturally significant hair formations." *See* Dkt. No. 30 at 71. Such an allegation is wholly conclusory and a naked assertion devoid of factual enhancement. Not only that, this allegation ignores the Court's finding that the District's former policy was facially race-neutral and could be enforced in a race-neutral manner. *See* Dkt. No. 28 at p. 7. At best, M.T. and K.C. make the blanket assertions that they have a "good faith belief that only male Black students have been disciplined under the 2019-2020 Tatum ISD hair policy" and that "Defendant has applied and enforced the 2019-2020 hair policy in an unlawful manner to target Black male students with culturally-significant hair." Dkt. No. 30 at 30, 32. As the Supreme Court held in *Iqbal*, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and that a complaint will not suffice if "it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555, 557). And this is exactly what M.T. and K.C. offer.

Even with the Court providing an opportunity to replead, M.T. and K.C. continue to only plead conclusory allegations against the District that are not entitled to the assumption of truth. *See* Dkt. No. 28 at pp. 6-11. As such, their Section 1983 race discrimination claim against the District is legally insufficient and should be dismissed. *Iqbal*, 556 U.S. at 678.

2.    *M.T.'s and K.C.'s attempt to impute the actions of District employees to the Board cannot support a claim for municipal liability.*

The Fifth Circuit in *Piotrowski v. City of Houston* stated that "the unconstitutional conduct must be directly attributable to the [entity] through some sort of official action or imprimatur; isolated unconstitutional actions by…employees will almost never trigger liability." 237 F.3d 567, 578 (5th Cir. 2001) (internal citations omitted and insertion added). Moreover, a school district cannot be held liable under Section 1983 for an employee's alleged misconduct based on the theories of *respondeat superior* or vicarious liability. *See Monell*, 436 U.S. at 690-94; *Johnson v. Moore*, 958 F.2d 92, 93 (5th Cir. 1992). Under Texas law, final policy-making authority in a public school district, such as the District, rests exclusively with the district's board of trustees. *See Rivera*, 349 F.3d at 247; *Jett v. Dallas Indep. Sch. Dist.*, 7 F.3d 1241, 1245 (5th Cir. 1993) (stating the final policy-maker for school districts is the board of trustees). Simply because an employee acts as a decision-maker does not mean that employee is a policymaker for the district. *See Jett*, 7 F.3d at 1246; *Eugene v. Alief Indep. Sch. Dist.*, 65 F.3d 1299, 1304 (5th Cir. 1995).

In their amended complaint, the only allegations attributable to the Board are that it adopted a *per se* constitutional dress code and hair length policy, as well as the disciplinary

measures for violations of the policy, and heard amorphous complaints and grievances from "M.T.'s and K.C.'s representatives." *See* Dkt. No. 30 at 9, 70-77 (repeated multiple times throughout complaint at, *e.g.*, 9-11, 14-16, 49-51, 54-56). All other allegations concerning actual enforcement of the grooming code are made against District employees. *Id*. at 7, 10, 12-13, 16, 32, 34-38, 41-47, 70-77.

M.T.'s and K.C.'s attempt to impute the actions of unknown District employees (*i.e.*, enforcement of the *per se* constitutional hair policy in a racially discriminatory manner) to the Board fails. *Id.* at 63-80. This sort of allegation amounts to an impermissible attempt to impose vicarious liability on the District and cannot support municipal liability under Section 1983. *See Monell*, 436 U.S. at 690-94; *Johnson*, 958 F.2d at 93. And the Court has already rejected Plaintiffs' efforts to impose vicarious liability on the District. *See* Dkt. No. 28 at pp. 9-10.

> 3.    *M.T. and K.C. fail to plead sufficient facts that show a pattern of disparate enforcement by the District.*

Similarly, M.T. and K.C. do not plead sufficient factual allegations necessary to allege a persistent and widespread pattern of unconstitutional behavior by the District or its employees. *See generally* Dkt. No. 30. A pattern of prior, highly similar incidents is necessary to show both a customary policy and deliberate indifference. *Burge v. St. Tammany Parish*, 336 F.3d 363, 370 (5th Cir. 2003); *Estate of Davis v. City of North Richland Hills*, 406 F.3d 375, 382-85 (5th Cir. 2005); *Valle v. City of Houston*, 613 F.3d 536, 548 (5th Cir. 2010); *Blanchard-Daigle v. Geers*, 802 F. App'x 113, 117-18 (5th Cir. 2020). The pattern of prior incidents "must have occurred for so long or so frequently that

the course of conduct warrants the attribution to [the Board] of knowledge that the objectionable conduct is the expected, accepted practice of [District employees]." *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 850 (5th Cir. 2009) (insertions) (quoting *Webster v. City of Houston*, 735 F.2d 838, 842 (5th Cir. 1984) (en banc)). "A pattern requires similarity and specificity; prior indications cannot simply be for any and all bad or unwise acts, but rather must point to the specific violation in question." *Id.* (internal quotations and citations omitted). Further, a pattern requires "sufficiently numerous prior incidents, as opposed to isolated instances." *Id.* (internal quotations and citations omitted).

At most, M.T. and K.C. allege the Board "condoned and ratified the unconstitutional enforcement of the 2019-2020 hair policy against *M.T. and K.C.*" and "chose not to similarly enforce Tatum ISD's grooming policy against white male students who were violation [sic] of the policy and identified by Plaintiffs." *See* Dkt. No. 30 at 15, 96 (emphasis added). In other words, M.T. and K.C. allege a pattern of one – their own perceived mistreatment – which is insufficient to allege a pattern of prior, highly similar incidents necessary to establish municipal liability. *See Valle*, 613 F.3d at 549; *Geers*, 802 F. App'x at 117-18.

       4.    *M.T. and K.C. fail to plead sufficient facts that would support their claim that school officials use race as an invidious criterion for determining which students are disciplined for violating the District's hair length requirements.*

To maintain an equal protection claim, M.T. and K.C. must allege that they "received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent." *Clayton ex rel. Hamilton v. Tate Cnty. Sch. Dist.*, 560 F. App'x 293, 297 (5th Cir. 2014) (quoting *Club Retro, L.L.C.*

*v. Hilton*, 568 F.3d 181, 212 (5th Cir. 2009)) (internal quotations omitted). However, M.T. and K.C. must plead, and ultimately prove, more than mere disparate impact. *Id.* at 297. Rather, "a party who wishes to make out an Equal Protection claim must prove the existence of purposeful discrimination motivating the state action which caused the complained-of injury." *Id.* at 298 (quoting *Johnson v. Rodriguez*, 110 F.3d 299, 306 (5th Cir. 1997)) (internal quotations omitted). Yet, they do not.

This Court in its September 30, 2022, Order found that M.T.'s and K.C.'s race discrimination claims failed because the District's "hair and grooming policy can be enforced in a racially neutral manner" and, "[a]ccordingly, it does not compel discrimination." *See* Dkt. No. 28 at p. 7. The amended pleadings are almost entirely the same as those found in the original complaint. *Compare* Dkt. No. 1 *generally with* Dkt. No. 30 *generally*. At best, M.T. and K.C. allege that "Tatum ISD enforced the 2019-2020 hair policy against [them] and did not similarly enforce such policy against white male students as frequently." *See* Dkt. No. 30 at 10 (repeated at 50, 73, 91), 15 (repeated at 55, 76, 96), 39. In support of this conclusory allegation, M.T. and K.C. point to the same Exhibit from their original complaint[4], which consists of: (1) a photo of an unidentified, presumably non-white child with long hair receiving an Honor Roll certificate from Tatum Elementary School; (2) a photo of an unidentified, presumably white child with short hair eating a snow cone at an unknown location; (3) a photo of the same child from the first

---

[4] Plaintiffs allege that "[n]o other non-Black or female student enrolled with Tatum ISD received similar treatment. There are several white or mixed-raced students at Tatum ISD who have long hair that come to their eye that were not subjected to discipline." *See* Dkt. No. 30 at 39. In support of this allegation, Plaintiffs cite to their Exhibit C, which is an excerpt of the Student Code of Conduct. *Id.* Presumably, Plaintiffs intended to cite to Exhibit D, which are photos of unknown and unidentified children.

picture sitting at a table at an unknown location; (4) a photo of two unidentified, presumably white students with short hair holding bags of ice; and (5) a photo of an unidentified, presumably white child with short hair holding items. *Id.* at Exhibit D. M.T. and K.C. then assert these photos are "evidence" of other non-Black and mixed-raced students "who have long hair that come to their eye level that were not subject to discipline." *Id.* at 39. However, none of the photos are time stamped, identify if these children were even enrolled within the District, or (if they were) identify if these children were actually considered to be in violation of the 2019-2020 hair policy and disciplined appropriately. *See generally* Dkt. No. 30. As such, M.T.'s and K.C.'s reliance on these photos draws a false inference, which cannot support their claim of intentional race discrimination by the District under the standard required by *Iqbal*. *See Iqbal*, 556 U.S. at 678.

**C.** **Even with the chance to replead, M.T. and K.C. cannot state a viable Title VI claim against the District because the facts alleged do not support an inference of intentional race discrimination.**

Title VI provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. For the same reasons explained above, M.T.'s and K.C.'s allegations of intentional discrimination amount to mere conclusory allegations that are not entitled to the assumption of truth. *See* Part B *supra*. As such, their Title VI claims are legally insufficient and should be dismissed for the same reasons stated above.

Further, the existence of current *proposed* state and federal legislation regarding the exact claims M.T. and K.C. assert in this case (*i.e.*, claims of discrimination based on a protected hairstyle associated with race) conclusively proves that the law, at this point in time, does not support Plaintiffs' theory of liability.

The Creating a Respectful and Open World for Natural Hair (CROWN) Campaign was initiated in 2019 and seeks to enact law that would prohibit race-based hair discrimination "because of hair texture or protective hairstyles including braids, locs, twists or bantu knots in the workplace and public schools." https://www.thecrownact.com/about (last accessed on October 24, 2022). The CROWN Act was initially introduced as proposed legislation in the U.S. Senate under S. 3167 in January of 2020. It was referred to the Senate Judiciary Committee; however, it went no further.  https://www.congress.gov/bill/116th-congress/senate-bill/3167/committees (last accessed October 24, 2022). The CROWN Act was introduced again under H.R. 2116 in the current Congressional session and was passed by the House on March 18, 2022, and referred to the Senate Judiciary Committee, on March 21, 2022, where it remains today. https://www.congress.gov/bill/117th-congress/house-bill/2116/actions (last accessed October 24, 2022).

Similarly, in Texas, the CROWN Act was filed as H.B. 392, and its companion legislation of S.B. 77, in November of 2020, during the 87th Legislative Session. However, H.B. 392 was not voted on and S.B. 77 did not even make it out of Committee. https://capitol.texas.gov/billlookup/History.aspx?LegSess=87R&Bill=HB392             (last accessed                         October                         24,                         2022);

11

https://capitol.texas.gov/billlookup/History.aspx?LegSess=87R&Bill=SB77 (last accessed

October 24, 2022).

It follows that, if federal and state legislation is required to afford protection to hair

style choices, then the law does not currently protect hair style choices. *See Karr v.*

*Schmidt*, 460 F.2d 609 (5th Cir. 1972); *Domico v. Rapides Parish School Board*, 675 F.2d

100 (5th Cir. 1982) (applying *Karr* to specifically distinguish between the ability of

primary and secondary school systems to enforce grooming policies, as compared to public

colleges and universities); *Davenport v. Randolph Cty. Bd. of Educ.*, 730 F.2d 1395, 1397

(11th Cir. 1984) (continuing to adhere to *Karr's per se* rule mandating dismissal of

challenges to hair length policy); *Jesperson v. Harrah's Operating Co., Inc.*, 444 F.3d

1104, 1110 (9th Cir. 2006) (en banc) (finding employers may enforce hair length

restrictions that differentiate between genders) (collecting cases); U.S. EEOC CM-619

Grooming Standards (explaining the federal circuit courts unanimously hold different hair

length standards for men and women do not constitute sex discrimination and noting the

EEOC will, accordingly, not pursue charges based on allegations of discriminatory hair

length policies) (available at https://www.eeoc.gov/laws/guidance/cm-619-grooming-

standards, last accessed on October 25, 2022).

**D.    *M.T.'s and K.C.'s request for declaratory and injunctive relief should be
dismissed.***

When considering a declaratory judgment action, a district court must decide: "(1)

whether an actual controversy exists between the parties in the case; (2) whether it has

authority to grant declaratory relief; and (3) whether to exercise its broad discretion to

decide or dismiss a declaratory judgment action." *Frye v. Anadarko Petro. Corp.*, 953 F.3d 285, 294 (5th Cir. 2019) (internal quotations omitted). M.T. and K.C. affirmatively plead that they no longer attend school within the District. *See* Dkt. No. 30 at 21-22, 58. Additionally, M.T. and K.C. affirmatively plead that the District has already revised its dress code to remove the language complained of, as well as any other language "that [would] single out any ethnic group." *Id.* at 56-57. Further, as shown above (and as argued in Dkt. No. 6), as a matter of law, M.T.'s and K.C.'s claims for race and gender discrimination do not establish an "actual controversy." *See* Parts B-C *supra*; Dkt. No. 6 at Parts B-F; *Frye*, 953 F.3d at 294. As such, their claims for injunctive and declaratory relief are moot and should be dismissed by the Court.

**E.     *M.T.'s and K.C.'s statutory claims should be dismissed because they are not entitled to mental anguish damages under Title VI or Title IX.***

M.T. and K.C. request compensatory damages for injuries allegedly sustained due to the District's conduct. *See* Dkt. No. 30 at 17; 59-62; Prayer for Relief, parts (4) and (5). However, under recent Supreme Court authority, as a matter of law, M.T. and K.C. cannot recover mental anguish damages under statutes that were enacted pursuant to the Spending Clause – such as Title VI or Title IX. *See Cummings v. Premier Rehab Keller, PLLC*, 142 S.Ct. 1562, 1569-76 (2022). As M.T.'s and K.C.'s injunctive and declaratory relief claims are now moot (*see* Part D *supra*), they are not entitled to recover any other damages under Title VI or Title IX and these claims should be dismissed. *Id.*

## **Prayer**

For the above reasons, Tatum Independent School District respectfully request this Court grant its motion to dismiss all claims against the District, with prejudice, and grant any other relief it is entitled.

Respectfully submitted,

ROGERS, MORRIS, & GROVER, L.L.P.

JONATHAN G. BRUSH
State Bar No. 24045576
Fed. I.D. No. 619970
jbrush@rmgllp.com
AMY DEMMLER
State Bar No. 24092337
Fed. I.D. No.  3227731
ademmler@rmgllp.com
5718 Westheimer, Suite 1200
Houston, Texas 77057
Telephone:    713/960-6000
Facsimile:    713/960-6025

ATTORNEYS FOR TATUM ISD

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 31, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send electronic notification of such filing to all counsel of record.

Attorney for Tatum ISD

14