IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| M.T., a minor by and through his grandmother and next friend, EDWINA WOODLEY, et al., § § § Plaintiffs, § § vs. § TATUM UNIFIED SCHOOL DISTRICT, § § Defendant. § § § § | | C.A. NO.: 2:21-cv-00364 |

## TATUM INDEPENDENT SCHOOL DISTRICT'S REPLY TO ITS MOTION TO DISMISS

**A.** *Plaintiffs' proffered standard of review is incorrect and cannot be used to sustain their fatally flawed claims.*

Plaintiffs attempt to confuse the applicable standard of review by citing pre-*Iqbal* cases that expressed disfavor towards motions to dismiss. *See* Dkt. No. 32 at Part IV.A (arguing that motions to dismiss are viewed with disfavor and should rarely be granted, citing to *Madison v. Purdy*, 410 F.2d 99 (5th Cir. 1969)). In light of the Supreme Court's decisions in *Iqbal* and *Twombly*, plaintiffs' proffered standard of review does not accurately state controlling law and should, thus, be ignored by this Court. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

**B.** *Plaintiffs effectively concede they are not entitled to mental anguish damages under Title VI or Title IX and this requires dismissal of their statutory claims.*

The District moved to dismiss plaintiffs' claims for mental anguish damages under Title VI and Title IX and plaintiffs concede this point. *See* Dkt. 32 at p. 3 (statement of the issues conceding the point), Part IV.D ("While the holding of *Cummings* precludes students

1

from recovering emotional distress damages pursuant to Title VI and Title IX…"). As the claim is conceded, and plaintiffs' injunctive and declaratory relief claims are now moot (*see* Part D *infra*), their Title VI and Title IX claims should be dismissed.[1] And, even if the Court were to conclude plaintiffs' claims for declaratory and injunctive relief are not moot, the Court must still dismiss plaintiffs' claims for damages under Title VI and Title IX. *See Cummings*, 142 S. Ct. at 2569-76 (affirming dismissal of claims due to failure to seek damages available under federal anti-discrimination statute).

C. ***Plaintiffs still fail to identify any factual allegations that would support a finding of intentional discrimination for their disparate treatment race discrimination claims under the Equal Protection Clause and Title VI.***

In support of their conclusory and insufficient allegations, plaintiffs (without supporting caselaw) rely on their improper standard of review to assert they are entitled to conduct discovery to ascertain "missing vital information regarding when and why Board Members intentionally allowed similarly situated students outside of Plaintiffs' protected class to continue to attend Tatum ISD schools." *See* Dkt. No. 32 at Part IV.B. This is a tacit admission that their pleadings are insufficient to allege specific actions attributable to the Board that are necessary to survive a motion to dismiss.

Instead, plaintiffs rely on the same allegations this Court previously rejected. *Compare* Dkt. No. 1 *with* Dkt. No. 30 *with* Dkt. No. 32. That means M.T. and K.C. still

---

[1] Plaintiffs' argument that they are still entitled to recover mental anguish damages under the First Amendment is confusing, at best. *See* Dkt. No. 32 at pp. 10-11. The availability of a species of damages (mental anguish damages) under a constitutional claim does not alter the Supreme Court's holding that mental anguish damages may not be recovered under spending clause statutes such as Title VI and Title IX. *See Cummings v. Premier Rehab Keller, PLLC*, 142 S. Ct. 1562, 2569-76 (2022).

fail to plead sufficient facts that would support their claims that school officials, or the Board, used race as an invidious criterion for determining which students are disciplined for violation the District's facially race-neutral hair length requirements. *See* Dkt. No. 30 *generally*; *see* Dkt. No. 32 at Part IV.B. As such, plaintiffs' Equal Protection and Title VI claims should be dismissed.

Furthermore, with respect to their Section 1983 Equal Protection race discrimination claim, plaintiffs do not respond in a meaningful manner to the District's argument that they fail to plead sufficient facts that could establish a sufficient pattern of disparate enforcement by District personnel as required to impose municipal liability. *Compare* Dkt. No. 31 at Part B.3. *with* Dkt. No. 32 at Part IV.B; *see also, e.g., Peterson v. City of Fort Worth*, 588 F.3d 838, 850 (5th Cir. 2009) (holding that 27 known uses of excessive force did not constitute a sufficient pattern for purposes of municipal liability). Plaintiffs' failure to defend against the District's argument that they cannot establish a sufficient pattern concedes the argument and is fatal to their Section 1983 Equal Protection race discrimination claim. *See, e.g., Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006).

Indeed, plaintiffs fail to provide any details as to the number of purported incidents of disparate discipline they claim to have given the Board in their grievance proceedings. *See* Dkt. No. 32 at pp. 7-8 (stating that the Board was given "…several examples…") (omissions added). As such, this Court cannot draw the inference that plaintiffs have pled sufficient factual matter to show the existence of an unconstitutional pattern of disparate treatment under the District's facially race-neutral policy. At best, the Court has to guess

as to whether there is a sufficient pattern, and this Court should not allow plaintiffs' claims to proceed on the basis of guesswork. *See Peterson*, 588 F.3d at 850; *see also Doe v. Snap, Inc., et al.*, C.A. No. H-22-590, 2022 WL 16635370, at *5-7 (S.D. Tex. Nov. 2, 2022) (Rosenthal, C.J.) (dismissing, under Rule 12(b)(6), a Section 1983 sexual abuse claim against a school district when the plaintiff's proffered pattern of prior unconstitutional acts was, at most, five).

D. ***Plaintiffs fail to show that their claim for declaratory and injunctive relief are justiciable – on the contrary, they are either moot, unripe, or fail due to a lack of standing.***

Plaintiffs wholly ignore their own concession that the District amended its policy to remove the language that they challenge. *See* Dkt. No. 30 at ¶¶ 56-57. As argued by the District, that renders plaintiffs' claim for declaratory and injunctive relief moot. It is of no import that "M.T. and K.C. were never welcomed back to Tatum ISD." *See* Dkt. No. 32 at Part IV.C. Plaintiffs affirmatively plead that the reason for their unenrollment from the District's Head Start Program (which plaintiffs also plead no longer exists – Dkt. No. 30 at ¶ 57) was because of improper paperwork and not being eligible to participate because of residency requirements. *See* Dkt. No. 30 at ¶¶ 39, 47. Regardless, if neither are currently enrolled at the District (as plaintiffs appear to plead), they are not entitled to press their claims of injunctive or declaratory relief. Further, even if they were presently enrolled in the District, they are no longer, and will not be, subject to the now superseded 2019 version of the District's hair policy.

Nor can M.T. or K.C. base their own injunctive and declaratory relief claims on an unsupported claim that there is "a substantial threat of irreparable injury" to unidentified

African American students within the District. *See* Dkt. No. 32 at Part IV.C.; *see Frye v. Anadarko Petro. Corp.*, 953 F.3d 285, 294 (5th Cir. 2019). They simply lack standing to assert such a speculative and unripe claim on behalf of other students.

As such, plaintiffs' claims for injunctive and declaratory relief are either moot, unripe, or fail due to a lack of standing and should be dismissed by the Court.

## CONCLUSION AND PRAYER

For the above reasons, the District respectfully requests that this Court grant its Motion to Dismiss Plaintiffs' First Amended Complaint, dismiss all claims against it, and grant any other further relief it is entitled.

Respectfully submitted,

ROGERS, MORRIS, & GROVER, L.L.P.

_____
JONATHAN G. BRUSH
State Bar No. 24045576
Fed. I.D. No. 619970
jbrush@rmgllp.com
AMY DEMMLER
State Bar No. 24092337
Fed. I.D. No. 3227731
ademmler@rmgllp.com
5718 Westheimer, Suite 1200
Houston, Texas 77057
Telephone:   713/960-6000
Facsimile:   713/960-6025

ATTORNEYS FOR TATUM ISD

## **CERTIFICATE OF SERVICE**

    I hereby certify that on November 17, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send electronic notification of such filing to all counsel of record.

*/s/ Jonathan G. Bush*
_____
Attorney for Tatum ISD