# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| M.T., a minor by and through his grandmother and next friend, EDWINA WOODLEY, et al., § § § | | |
| Plaintiffs, § § | | |
| vs. § | C.A. NO.: 2:21-cv-00364 | |
| § | | |
| TATUM UNIFIED SCHOOL DISTRICT, § § | | |
| Defendant. § | | |

## TATUM INDEPENDENT SCHOOL DISTRICT'S MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE 30(g) AND 28 U.S.C. § 1927

Tatum Independent School District (the District) files its Motion for Sanctions Pursuant to Federal Rule 30(g) and 28 U.S.C. § 1927, as follows:

## SUMMARY OF ARGUMENT

One month prior to the close of discovery, Plaintiffs' counsel unilaterally served a notice for the deposition of the District's 30(b)(6) Representative. Plaintiffs' counsel then decided to go overseas on vacation instead of taking the deposition. Even after repeated requests for Plaintiffs' counsel to confirm that the notice of deposition was withdrawn in light of Plaintiffs' counsel's stated intent to travel overseas, Plaintiffs' counsel refused to answer, refused to officially withdraw the notice, and ignored the District's repeated requests for clarification or confirmation. Given Plaintiffs' counsel's decision to not respond to the District's inquiries, the District was forced to operate on the assumption the deposition was proceeding. Accordingly, the District's counsel traveled from Houston, Texas, to Longview, Texas, for the deposition Plaintiffs' counsel unilaterally noticed.

Neither of Plaintiffs' counsel appeared. The District timely requested reimbursement from Plaintiffs' counsel for reasonable expenses incurred for the deposition, including mileage, hotel accommodation, and attorneys' fees for the time spent traveling and attending the deposition that Plaintiffs failed to appear for. Plaintiffs' counsel refused. The District now seeks its reasonable expenses in the form of sanctions from this Court, pursuant to Federal Rule 30(g) and 28 U.S.C. § 1927.

## FACTUAL BACKGROUND

1. As early as February of 2023, Plaintiffs stated their intent to depose a 30(b)(6) Representative. However, Plaintiffs did not provide a specific list of topics for the Representative until March 7, 2023. *See* Extract of Correspondence, attached as Exh. A (also attached as Exh. A to Dkt. 46). On March 10, 2023, the District advised Plaintiffs of its objections to the listed topics and identified its Representative as Superintendent Richardson. *Id*. As Superintendent Richardson was already being deposed as a fact witness on March 28, 2023, the District asked Plaintiffs if they would also like to depose him as the District's Representative that same day. *Id*. Plaintiffs never responded. As such, Superintendent Richardson was deposed only as a fact witness, and not as a corporate representative.

2. Pursuant to the Court's Docket Control Order (DCO), the discovery deadline in this case was July 14, 2023. *See* Dkt. 39.

3. On June 14, 2023, a month prior to the close of discovery, and without prior communication with the District, Plaintiffs unilaterally served a deposition notice for a 30(b)(6) Representative to occur on July 11, 2023, in Longview, Texas. *See* Email

Correspondence, attached as Exh. B (also attached as Exh. C to Dkt. 46). This notice included an entirely new set of topics for the Representative to prepare for and testify on.

4. The District's counsel immediately contacted the District and was able to confirm, a day later on June 15, 2023, that its Representative was available on the date unilaterally chosen by Plaintiffs. *Id*. Plaintiffs' counsel then asked if the Representative would be available on July 26, 2023 – a date outside of the discovery deadline. *Id*.; *see also* Dkt. 39. The District informed Plaintiffs' counsel that July 26, 2023, fell outside of the discovery period. *See* Exh. B.

5. Plaintiffs then lodged an unfounded accusation that the District "strategically delayed" its production – of a *2-page document* – and, therefore, should agree to the deposition taking place outside of the discovery period. *Id*.; *see also* Dkts. 46, 51. The District responded to Plaintiffs' accusation, stating the production was within the Court's document production deadline and that the document was not a surprise to Plaintiffs. *See* Exh. B. As such, the District failed to see the harm to Plaintiffs and would not agree to extending or taking depositions outside of the discovery deadline. *Id*.

6. On June 20, 2023, the District provided a copy of its draft motion for protection detailing the District's specific objections to Plaintiffs' 30(b)(6) deposition notice and requested a time to meet and confer. *Id*. Plaintiffs failed to respond. *Id*. The District sent a follow-up request, on June 27, 2020. *Id*. It was at this time that Plaintiffs' counsel informed the District he was traveling out of the country beginning June 28, 2020. *Id*. Based on this revelation, it appears Plaintiffs lodged unfounded accusations of gamesmanship by the District in an effort to get the District to agree to conduct a last-

3

minute, unilaterally noticed deposition outside of discovery – not because Plaintiffs were harmed by the District's timely production. Rather, Plaintiffs' counsel, Mr. McCoy, just wanted to go on vacation. Regardless, and based on the live deposition notice that was served by Plaintiffs, the District began diligently preparing its Representative for the deposition.

7. Even though Plaintiffs' counsel stated he would have a response to the District's request to meet and confer by June 30, 2023, he did not. *Id*. As such, and in light of Mr. McCoy's statement he was traveling out of the country, on July 3, 2023, the District requested confirmation whether or not the July 11th deposition was proceeding forward, as the notice had not been withdrawn. *Id*. The District further requested that, if the deposition notice was not withdrawn, Plaintiffs advise of a time to meet and confer on the District's motion for protection and objections as soon as possible. *Id*. Mr. McCoy stated that he was not available to meet and confer because of his overseas travel and requested a date after July 18, 2023, to meet and confer, as well as a new deposition date in August of 2023. *Id*. The District advised Mr. McCoy that it could not agree to conduct the deposition after the close of discovery given the remaining deadlines in the case – namely, the dispositive motion deadline and trial date. *Id*. Mr. McCoy did not make any efforts, at this time, to request leave of Court or file a motion requesting an extension of deadlines in this case.

8. On July 3, 2023, the Parties continued to send emails and the District directly asked Mr. McCoy to confirm whether he was withdrawing the July 11th deposition notice ***no less than three times***. *Id*. The District further stated that it was diligently preparing for

4

the deposition and would continue to do so until the notice was officially withdrawn. *Id*. The District requested Mr. McCoy confirm if the deposition notice was being withdrawn by July 5, 2023, at 9:00AM CT, as District's counsel was meeting with the Representative to prepare for the deposition that day. *Id*. Mr. McCoy ignored all of the District's repeated requests. *Id*.

9. On July 5, 2023, District's counsel traveled to Tatum, Texas, to meet with and prepare the Representative for the deposition that Plaintiffs' counsel had not withdrawn.

10. As such, on Friday, July 7, 2023, the District sent ***a fourth request*** to Plaintiffs to confirm whether the July 11th deposition was going forward, stating it intended to file its motion for protection if it did not hear from Plaintiffs. *Id*. The District also informed Plaintiffs that its counsel would be traveling from Houston, Texas, for the deposition in Longview, Texas, beginning Monday, July 10, 2023. *Id*.

11. Plaintiffs ignored the District. *Id*. As such, forced to operate on the assumption that the deposition was proceeding forward given Plaintiffs' lack of responsiveness, the District filed its motion for protection and objections to Plaintiffs' 30(b)(6) Deposition Topics. *See* Dkt. No. 44. Curiously, even though Plaintiffs' counsel failed to respond to the District's repeated requests to confirm whether the July 11th deposition was proceeding forward or not, he did file a Response to the District's motion for protection, on Monday, July 10, 2023, the day before the scheduled deposition. *See* Dkt. No. 45.

12. On July 11, 2023, in accordance with the live deposition notice, the District's Representative and counsel appeared at the location and time stated on the notice. *Id*. Plaintiffs and their counsel did not. *Id*. Both Mr. McCoy and Mr. Steele were called the morning of the deposition. Mr. Steele answered and apologized for the confusion, but stated he was on an out-of-state vacation. Mr. McCoy did not pick up and a voicemail was left.

13. That day, after returning to Houston, Texas, the District's counsel sent an email to Plaintiffs' counsel requesting reimbursement for its reasonable expenses for mileage, hotel accommodations, and attorney's fees. *See* Exh. B. After multiple correspondence between all counsel, Plaintiffs' counsel has refused to reimburse the District its reasonable expenses and, instead, blames District's counsel. *See* Email Correspondence, attached as Exh. C. What is more, Plaintiffs' counsel confirmed, in multiple correspondence, that he never intended to attend or conduct the deposition as noticed. *Id*.

## ARGUMENT

14. "Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (citation omitted). Relatedly, federal courts possess a well-established inherent power to sanction conduct that "constitute[s] or [is] tantamount to bad faith." *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 767 (1980). In other words, conduct rising to the level of "subjective bad faith" or "reckless plus" (*i.e.*, "recklessness when combined with an

6

additional factor such as . . . an improper purpose") warrants sanctions under a federal court's inherent powers. *Clemens v. Nissan Motor Co., Ltd.*, No. 3:04-CV-2584-N, 2007 WL 9711935, at *1 & n.1 (N.D. Tex. Apr. 30, 2007) (citations omitted) (upholding a sanction for an unintentional violation of a motion *in limine* and noting that the "conduct certainly falls within the range of 'reckless plus' that supports invocation of this Court's inherent authority to sanction . . . .").

15. Courts have wide latitude to "fashion an appropriate sanction for conduct which abuses the judicial process." *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991)). Fee awards should compensate the innocent party for the legal fees "incurred solely because of the misconduct." *Id.* at 1184.

16. Based on the clear misconduct by Plaintiffs' counsel outlined above, the District requests the Court sanction Plaintiffs' counsel and order them to pay the District its reasonable expenses and fees for traveling to Longview, Texas, for a deposition that Plaintiffs' counsel *admittedly* never intended to appear for but deliberately refused to officially withdraw. *See* Fed. Rule 30(g)(1) ("A party who, expecting a deposition to be taken, attends in person or by an attorney may recover reasonable expenses for attending, including attorney's fees, if the noticing party failed to attend and proceed with the deposition."); *see also Hudson v. L & W Supply Corp., Inc.*, No. CIV.A.H-08-2471, 2009 WL 1941498, at *4 (S.D. Tex. July 2, 2009) ("Courts allow the award of attorney's fees and expenses where the party noticing the deposition fails to attend and does not deliver sufficient notice of cancellation to the other.") (noting courts awarding sanctions in the

7

form of preparation and travel costs for last-minute deposition cancellations where no explanation was provided); *Edmonds v. Seavey,* 2009 WL 1285526, at *3 (S.D.N.Y. May 5, 2009) (granting motion for sanctions for a cancelling a deposition scheduled for a Monday morning by leaving a voicemail late the evening before; denying plaintiffs cross-motion for sanctions for defendant's alleged failure to produce documents in response to a discovery request); *Weatherspoon v. Nissan North America, Inc.,* No. 3:07 CV 24, 2008 WL 5104234, at *2-3 (S.D. Miss. Dec. 1, 2008) (granting sanctions under Rule 30(g) when a party cancelled a deposition the day before it was scheduled); *Root Brothers Farms v. Mak,* 2007 WL 2789481, at *8 (S.D.N.Y. Sept. 25, 2007) (granting a motion for sanctions, including fees for travel, under Rule 30(g) because the party cancelled a Monday deposition by leaving a voicemail on Saturday and with no reasonable expectation that messages would be monitored over weekend); *Frazier v. Layne Christensen Co.*, 486 F. Supp. 2d 831, 847 (W.D. Wis. 2006), aff'd, 239 F. App'x 604 (Fed. Cir. 2007) (granting sanctions for costs and reasonable attorney's fees incurred in traveling for a deposition plaintiffs failed to attend); *Albee v. Cont'l Tire N. Am., Inc.*, 780 F. Supp. 2d 1005, 1013 (E.D. Cal. 2011), on reconsideration in part, No. CIV. S-09-1145 LKK, 2011 WL 997019 (E.D. Cal. Mar. 17, 2011) (party harmed requesting attorneys' fees in connection with travel to and from and preparation for a deposition, as well as hotel, airfare, and car rental expenses).

17. Attached to this motion are receipts for the District's counsel's mileage and attorney's fees to and from Longview, Texas; hotel accommodations; and attorney's fees for attending the deposition that was noticed, not withdrawn, but never occurred. *See*

Receipts attached as Exh. D.[1] The total amount the District is requesting to be reimbursed is $1,934.76.

18. Any argument by Plaintiffs that the District put itself in the position of incurring these expenses is misleading and illogical. The District had an obligation to regard Plaintiffs' deposition notice as live until withdrawn. Plaintiffs' counsel deliberately refused to do so. The District's counsel could not put the District in the position of ignoring a deposition notice that had not been withdrawn by telling the Representative they *thought* (or *assumed*) Plaintiffs' counsel was not going to appear for the deposition, instruct them not to prepare – for a 30(b)(6) deposition no less – or appear as instructed in the notice, and then have a situation where Plaintiffs' counsel did appear with the intent of conducting the deposition. *See Rushing v. Bd. of Supervisors of Univ. of La. Sys.*, 270 F.R.D. 259, 261-62 (M.D. La. 2010) ("Although the correspondence indicates the parties were in negotiations to change the deposition dates, the defendants have not shown that the plaintiff withdrew his deposition notices or that new dates were agreed upon prior to the noticed deposition dates … Accordingly, the plaintiff's Motion for Sanctions is granted in part."); *see also Morawski v. Tex. Cnty. Mut. Ins. Co.*, 2014 WL 717170, at *1 (N.D. Tex. Fe. 25, 2014) (standing for the proposition that deposition notices issued to parties under Federal Rule 30(b)(1) do not need to comply with Rule 45 because they are tantamount to a subpoena). Indeed, it was a very real possibility that one of Plaintiffs' two attorneys would decide to conduct the deposition, as noticed, regardless of vacations, considering the District made

---

[1] The invoice is marked as "draft" because July billing has not been issued as of the date of this filing.

it very clear it would not agree to conduct depositions outside of discovery and did not agree to extending discovery deadlines. Agreeing to do so would put the District in an adverse position of not affording the Court adequate time before the current trial date to evaluate and rule on any dispositive motions. What is more, Plaintiffs' counsel made no concrete efforts (at the time) to extend deadlines, including *via* motion to the Court. As such, the District correctly acted within the confines of the Court's (still current) DCO.

19. Plaintiffs' counsel's actions amount to more than vexatious and unreasonable conduct. The District has been harmed by these actions, as its counsel and Representative were forced to expend time and resources preparing for a last-minute deposition Plaintiffs never intended to even appear for. What is more, as evident by Plaintiffs' recent filings, Plaintiffs' counsel is going to further attempt to unreasonably multiply the proceedings and prolong discovery by requesting the Court to extend discovery and allow him to re-depose fact witnesses for no legitimate purpose. *See* Dkt. 49. This Court should use its wide discretion and sanction Plaintiffs' counsel accordingly. *See* Fed. R. Civ. P. 30(g); 28 U.S.C. § 1927.

## **PRAYER**

Based on the above, Tatum Independent School District respectfully requests the Court grant its motion for sanctions, sanction Plaintiffs' counsel pursuant to Federal Rule 30(g) and Section 1927 for noticing a deposition and not appearing, order Plaintiffs' counsel to reimburse the District its reasonable expenses of $1,934.76 for traveling and attending the deposition that Plaintiffs' counsel did not attend, and grant any additional or further relief the District is entitled to.

Respectfully submitted,

Rogers, Morris, & Grover, L.L.P.

_/s/ Jonathan G. Brush_
JONATHAN G. BRUSH
State Bar No. 24045576
Fed. I.D. No. 619970
jbrush@rmgllp.com
AMY DEMMLER
State Bar No. 24092337
Fed. I.D. No. 3227731
ademmler@rmgllp.com
5718 Westheimer, Suite 1200
Houston, Texas 77057
Telephone:   713/960-6000
Facsimile:    713/960-6025

ATTORNEYS FOR TATUM ISD

## CERTIFICATE OF CONFERENCE

As both of Plaintiffs' counsel have been on vacation, the District conferred with Plaintiffs' counsel, via email, in good faith concerning the relief request and this motion on July 11, 12, 17, and 18, 2023. The Parties were unable to reach agreement and Plaintiffs' counsel advised the District he opposed the relief requested in this motion. On July 24, 2023, the District then attempted to schedule a telephone conference, pursuant to Local Rule CV-7(h), with both Mr. McCoy and Mr. Steele for the week of July 24-28, 2023. Although Mr. Steele was on extended vacation, on July 24, 2023, he stated he was available on July 25 or 26, 2023. However, on July 25, 2023, Mr. McCoy advised he had no availability the entire week, without further explanation. As such, with the understanding Plaintiffs are opposed to the relief requested based on multiple email correspondence attached as exhibits to this motion, the District files this motion for sanctions.

_/s/ Jonathan G. Brush_
Attorney for Tatum ISD

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 27, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send electronic notification of such filing to all counsel of record.

                                                      Attorney for Tatum ISD