**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| M.T., a minor by and through his grandmother and next friend, EDWINA WOODLEY; and K.C., a minor by and through his mother and next friend, KAMBRY COX, | § § § § § | |
| | § | CIVIL ACTION NO. 2:21-CV-00364-RWS |
| Plaintiffs | § § | |
| | § | |
| v. | § | |
| | § | |
| TATUM INDEPENDENT SCHOOL DISTRICT, | § § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court are Defendant Tatum ISD's dispositive motions: (1) Motion to Dismiss Plaintiffs' Second Amended Complaint and (2) Motion for Summary Judgment**.** Docket Nos. 74, 75. The motions have been briefed. Docket Nos. 79, 81, 83, 87. Plaintiffs also objected to Defendant's summary judgment evidence (Docket No. 82), and Defendant responded (Docket No. 88). The Court heard argument regarding the dispositive motions, along with other pending motions and objections, at the Pretrial Conference. Docket Nos. 109, 117.

Given the timing of Plaintiffs' Second Amended Complaint, the dispositive motions were filed within one day of each other and are pending contemporaneously. The Court addresses both dispositive motions in this Order to provide clarity to the parties as to what claims survive the dispositive motions. But, for the avoidance of doubt, the dispositive motions are not addressed under the same standard—each dispositive motion is addressed under the separate appropriate standard applied herein.

For the reasons set forth below, Plaintiffs' objections (Docket No. 82) to Defendant's summary judgment evidence are **OVERRULED**, Tatum ISD's Motion to Dismiss (Docket No. 74) is **GRANTED-IN-PART** and **DENIED-IN-PART**, and Tatum ISD's Motion for Summary Judgment (Docket No. 75) is **GRANTED-IN-PART** and **DENIED-IN-PART**.

## BACKGROUND

Plaintiffs are M.T. and K.C., two male African American students who were enrolled at a school in Tatum ISD. Docket No. 56. The suit is brought on Plaintiffs' behalf by M.T.'s grandmother and K.C.'s mother. *Id.* Tatum ISD is the only remaining defendant in this case after the Superintendent's and Board of Trustee members' request for qualified immunity was granted and Plaintiffs' Second Amended Complaint only named Tatum ISD as a defendant. *See* Docket Nos. 28, 56.

At the time of the alleged incidents, Plaintiffs allege that M.T. was a four-year-old male with allegedly "natural hair shoulder-length," and K.T. was a five-year-old male with dreadlocks that extend**ed** past his ears and eyebrows. Docket No. 56 ¶ 11. Plaintiffs allege that at least one Plaintiff was isolated from his classmates without adequate supervision or instruction after wearing his hair in a manner that violated the school's dress code and hair policy. Docket No. 56 ¶ 56. The dress code and hair policy in effect at the time of the alleged incidents required that:

> Student's hair shall be clean and well groomed at all times and <u>shall not obstruct vison</u>. **no extreme style or color (neon, etc…)** shall be allowed. No symbols, letters, or extreme designs cut in the hair shall be permitted. **No** ponytails, ducktails, rat-tails, male buns or puffballs **shall be allowed** on male students. (In its unaltered state, hair cannot extend past shoulder length). **ALL male hair of any type SHALL NOT extend below the collar (t-shirt/button-down collar/Shoulder length)."**

Docket No. 1-1 at 2 (emphasis in original). Plaintiffs filed formal grievances with the school board regarding the hair policy. Docket No. 56 ¶ 60. Plaintiffs allege the Board voted to reject the

grievances, which led to the unenrollment of Plaintiffs. *Id.* ¶¶ 60, 61. Tatum ISD alleges that M.T. was unenrolled from school based on an alleged improper enrollment due to not being old enough for kindergarten and not qualifying for Head Start based on his guardian's income. Docket No. 75 at 9. Tatum ISD alleges that K.C. was unenrolled because he did not live within Tatum ISD's district and was improperly enrolled as a student within Tatum ISD. *Id.*

Plaintiffs allege the students were discriminated against and assert five claims in their Second Amended Complaint: (1) an intentional race discrimination claim under the Fourteenth Amendment's Equal Protection Clause pursuant to 42 U.S.C. § 1983, (2) an intentional race discrimination claim under Title VI of the Civil Rights Act, (3) a sex discrimination claim under the Fourteenth Amendment's Equal Protection Clause pursuant to 42 U.S.C. § 1983, (4) a sex discrimination claim under Title IX of the Education Amendments of 1972, and (5) a First Amendment freedom of expression claim pursuant to 42 U.S.C. § 1983. Docket No. 56.

The Court's Order addressing Tatum ISD's original motion to dismiss discusses additional background and relevant legal standards and makes findings upon which this Order elaborates. Docket No. 28.

## LEGAL STANDARD

### I.     Motion to Dismiss Standard

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), a court must accept as true all well-pleaded factual allegations in the plaintiff's complaint and view those factual allegations in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The court may consider "the complaint, any documents attached to the complaint, and any documents

attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

In *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are "not entitled to the assumption of truth." *Id.* at 678–79. Second, the court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x. 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678 (2009)). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

## II.     Motion for Summary Judgment Standard

Courts grant summary judgment when the moving party shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R.

Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The resolution of a genuine dispute of material fact "is the exclusive province of the trier of fact and may not be decided at the summary judgment stage." *Ramirez v. Landry's Seafood Inn & Oyster Bar*, 280 F.3d 576, 578 n.3 (5th Cir. 2002). Thus, the court must not weigh evidence or make credibility findings, and it construes all facts and reasonable inferences in favor of the nonmovant. *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 328–29 (5th Cir. 2017). The party moving for summary judgment "always bears the initial responsibility of . . . demonstrat[ing] the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323.

## DISCUSSION

### I.     Plaintiffs' Objections to Tatum ISD's Summary Judgment Evidence

As a threshold matter, Plaintiffs object to Tatum ISD's summary judgment evidence. Docket No. 82. Tatum ISD responds to each objection. Docket No. 88. The Court has reviewed the objections and responses and finds the objections without merit. For example, the objections fail to convincingly explain how the summary judgment evidence lacks foundation or is speculative or how witnesses lack personal knowledge. As to Plaintiffs' credibility objection, this Order does not weigh evidence or make credibility findings, and it construes all facts and reasonable inferences in favor of the nonmovant. Accordingly, Plaintiffs' Objections to Tatum ISD's Summary Judgment Evidence (Docket No. 82) are **OVERRULED**.

## II.     Race Discrimination Claims

### A.     *Motion to Dismiss*

#### 1)     Equal Protection Clause Claim

Tatum ISD argues its motion to dismiss should be granted because Plaintiffs fail to state a viable Equal Protection Clause claim for race discrimination against Tatum ISD. Docket No. 74 at 4. Tatum ISD contends that Plaintiffs' allegations against the Board are conclusory and devoid of factual enhancement and ignore the Court's finding that the District's former policy was facially race-neutral and could be enforced in a race-neutral manner. *Id.* at 5 (citing Docket No. 28). Tatum ISD further argues that Plaintiffs' attempt to impute the actions of Tatum ISD to the Board cannot support a claim for municipal liability. *Id.* at 6. Tatum ISD further contends that Plaintiffs fail to plead sufficient facts that show a pattern of disparate enforcement by the Tatum ISD. *Id.* at 8. Tatum ISD also argues that Plaintiffs fail to plead sufficient facts that would support their claim that school officials use race as an invidious criterion for determining which students were disciplined for violating the District's hair length requirements. *Id.* at 9.

Plaintiffs respond, arguing that Tatum ISD's motion to dismiss should be denied because Plaintiffs specifically pleaded that the Board itself voted to: (1) ratify the 2019-2020 dress and hair code policy that led to the unenrollment of Plaintiffs; (2) condone and ratify the unconstitutional enforcement of the 2019-2020 hair policy against Plaintiffs; and (3) chose not to similarly enforce Tatum ISD's grooming policy against white male students who were in violation of the policy and identified by Plaintiffs. Docket No. 79 at 8.

Tatum ISD's arguments relate to whether municipal liability may attach to Tatum ISD under 42 U.S.C. § 1983. In short, municipal liability under 42 U.S.C. § 1983 "requires: (1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive

knowledge, and (3) a constitutional violation whose 'moving force' is that policy (or custom)." *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002). Municipal liability "under section 1983 attaches where a deprivation of a right protected by the Constitution or by federal law is caused by an official policy." *Burge v. St. Tammany Par.*, 336 F.3d 363, 369 (5th Cir. 2003). In addition to a policy statement, ordinance, or regulation, an official policy may be found in a "decision that is officially adopted and promulgated by the municipality's lawmaking officers[.]" *Id.*; *see also Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (en banc). Separately, a custom may serve as a policy under certain circumstances. *Id.*

Here, Plaintiffs' factual allegations regarding the actions of the Board, taken as true at the motion to dismiss stage, sufficiently overcome Tatum ISD's arguments and plausibly support its claims. Plaintiffs pleaded that the Board ratified the dress code and hair policy and enforced disciplinary measures for violations of the policy against Plaintiffs after hearing grievances from Plaintiffs' representatives. *See* Docket No. 56 ¶¶ 19–20, 45–65. Indeed, Tatum ISD acknowledges these pleadings, but argues the pleadings merely allege the Board only adopted the decision to enforce the policy after it had already been made by Tatum ISD employees. Docket No. 74 at 7. But upon review of the pleadings, Tatum ISD's overly fine distinction fails because the pleadings allege that the Board itself enforced the policy by its vote after hearing grievances directly related to the alleged discriminatory enforcement of the policy at a meeting of the Board. Docket No. 56 ¶¶ 19–20.[1]

---

[1] Therefore, the pleadings allege the disciplinary enforcement had not ended before the Board's actions at the Board meeting where Plaintiffs' grievances were raised. Even if the pleadings could be interpreted so that the discipline was handed down to Plaintiffs before the Board meeting, the Board's endorsement of a Tatum ISD employee decision was "cast in the form of a policy statement and expressly approved by the" Board. *Jett v. Dallas Indep. Sch. Dist.*, 7 F.3d 1241, 1251 (5th Cir. 1993) (quoting *City of St. Louis v. Praprotnik*, 485 U.S. 112, 130 (1988)).

Because Plaintiffs allege the Board itself enforced the dress code and hair policy against Plaintiffs at the Board meeting, Plaintiffs' allegations need not impute the actions of Tatum ISD's employees to the Board. Tatum states that a school district cannot be held liable under 42 U.S.C. § 1983 for an employee's alleged misconduct based on theories of *respondeat superior* or vicarious liability. Docket No. 74 at 6. But Plaintiffs need not rely on any such theory because Plaintiffs allege the Board itself discriminately enforced the hair policy. *See Jett*, 7 F.3d at 1245, 1251 (holding that a board of trustees serves as the final policymaker for Texas school districts). In Tatum ISD's language, these allegations would be "attributable to the Board[.]" Docket No. 74 at **7**. Indeed, Plaintiffs here have alleged unconstitutional conduct "directly attributable to the municipality through some sort of official action or imprimatur[.]" *See Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

Tatum ISD also fails to show why Plaintiffs need to allege a persistent and widespread pattern of disparate enforcement. Tatum ISD argues that such a pattern is necessary to show both a customary policy and deliberate indifference. Docket No. 74 at 8–9. But the amended pleadings do not merely allege a customary policy of disparate enforcement; rather, they allege an official policy is at issue. *See* Docket No. 56 ¶¶ 5, 10, 19–20. While the Court previously analyzed Tatum ISD's written dress code and hair policy and found that it was facially race-neutral and could be enforced in a race-neutral manner by Tatum ISD's employees (Docket No. 28 at 7), the amended pleadings allege an official policy is at issue based on the Board's alleged decision to officially adopt and promulgate the enforcement of the hair policy only against black male students but not white male students at the Board meeting where Plaintiffs' representatives allegedly raised evidence of discrimination while lodging their grievances with the Board. *See* Docket No. 56 ¶¶ 19–20; *see also Groden v. City of Dallas*, 826 F.3d 280, 285–86 (5th Cir. 2016) (determining

that a plaintiff pleaded enough facts to "show that the statutorily authorized policymaker promulgated an unconstitutional policy" based on the announcement of a crackdown policy and not any written ordinance). And deliberate indifference must be shown where a plaintiff alleges a failure to train or supervise. *See Est. of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005). But failure to train or supervise is not at issue here where the alleged misconduct is attributed directly to the Board's alleged official policy decision. Therefore, Tatum ISD has not shown why Plaintiffs need to allege a persistent and widespread pattern of disparate enforcement.[2]

And Tatum ISD does not convincingly show that Plaintiffs failed to plead that race was used as an invidious criterion for determining which students were disciplined for violating Tatum ISD's hair length requirement. Tatum ISD argues that Plaintiffs merely alleged disparate impact but not discriminatory intent by the school district. Docket No. 74 at 9. However, Plaintiffs plainly allege that the Board decided to enforce that hair policy against black male students but "chose not to similarly enforce Tatum ISD's grooming policy against white male students who were [in] violation of the policy and identified by Plaintiffs" after Plaintiffs allege that they pointed out white male students in violation of the policy. Docket No. 56 ¶¶ 19–20. This is sufficient to allege discriminatory intent, at least at the pleading stage. And Tatum ISD's arguments that Plaintiffs did

---

[2] Tatum ISD clarified during the Pretrial Conference that it is unnecessary to show a pattern of disparate enforcement when "we're looking directly at the action of the policymaker. In that instance, you don't need a pattern because the action is directly attributable to the policymaker. A pattern is required when the complained of conduct [is attributed to] the employees of the district or the governmental entity[.]" Docket No. 117 at 98:5–11. Thus, applying Tatum ISD's clarified reasoning at the hearing to the Court's findings, Plaintiffs need not show a pattern of disparate enforcement here.

Moreover, it bears noting that the Court is not applying the single incident exception to the pattern requirement. Indeed, the Court need not apply the single incident exception because Plaintiffs need not show any pattern of disparate enforcement here.

not attach enough supporting evidence (see Docket No. 74 at 10) to their complaint also fail at the pleading stage.

Plaintiffs' allegations, taken as true at the pleading stage, thus meet each of the requirements for attaching municipal liability to Tatum ISD. Plaintiffs allege the Board has ratified and promulgated an official policy decision of enforcing the hair policy discriminately against black male students but not white male students at Plaintiffs' grievance hearing, which would be unconstitutional on its face. "Accordingly, [Plaintiffs have] pled sufficient facts to suggest, for the purpose of a 12(b)(6) motion, that the [Board] promulgated or ratified the [its enforcement decision regarding the hair policy] of which he complains." *See Groden*, 826 F.3d at 286. The Board's own alleged actions would satisfy the requirement that it had actual knowledge of its own alleged official policy decision. *See Burge*, 336 F.3d at 370 ("Where an official policy or practice is unconstitutional on its face, it necessarily follows that a policymaker was not only aware of the specific policy, but was also aware that a constitutional violation will most likely occur."). And, as in *Groden* where the plaintiff alleged the city council's crackdown policy and not its written ordinance was the moving force behind the constitutional violation (*see* 826 F.3d at 286), Plaintiffs allege that the Board's enforcement decision at the grievance hearing was the moving force behind the alleged constitutional violation here and not just the written hair policy. Accordingly, Tatum ISD's motion to dismiss (Docket No. 74) is **DENIED-IN-PART** as to Plaintiffs' Equal Protection Clause race discrimination claim.

2)      Title VI Claim

The parties dispute whether Plaintiffs' Title VI race discrimination claim should be dismissed under Rule 12(b)(6). Section 601 of Title VI provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be

denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d.

Tatum ISD argues that Plaintiffs' Title VI race discrimination claim should be dismissed for the same reasons as Plaintiffs' Equal Protection Clause race discrimination claim.[3] But the Court has already found those same arguments unconvincing. *See supra* Discussion Section I.A.1. Accordingly, Tatum ISD's motion to dismiss (Docket No. 74) is **DENIED-IN-PART** as to Plaintiffs' Title VI race discrimination claim.

### B.     *Motion for Summary Judgment*

#### 1)     Equal Protection Clause Claim

Tatum ISD first argues as a threshold matter that students do not hold a constitutional or statutory right to wear their hair at the length or in the style desired. Docket No. 75 at 12–14. That is true. But that is beside the point because it is not the basis of Plaintiffs' claims here. Plaintiffs assert a constitutional right to not have the Tatum ISD hair policy discriminately enforced against them on the basis of their race. As the Court already explained, the Fifth Circuit held that a hair and grooming policy may be per se constitutional but "federal courts [are still] permitted to entertain an action alleging discriminatory enforcement of a grooming code," as is the case here. Docket No. 28 at 7–8 (citing *Karr v. Schmidt*, 460 F.2d 609, 617 n.26 (5th Cir. 1972)).

---

[3] Tatum ISD further argues that Texas's passage of the CROWN Act and proposed federal legislation addressing similar subject matter are immaterial to the dispute. Docket No. 74 at 13. The Court agrees, at least for the purposes of the dispositive motions addressed in this Order, because the Plaintiffs' mentions of the Texas CROWN Act in their Second Amended Complaint do not raise any separate cause of action. But the Court allowed the parties to file supplemental briefs addressing arguments made at the pretrial conference regarding Texas's passage of the CROWN Act. Docket No. 111. The parties have filed those briefs. Docket Nos. 116, 118. The Court will enter an additional Order further addressing those supplemental briefs, if necessary.

Tatum ISD next argues that no summary judgment evidence raises a genuine issue of material fact to support Plaintiffs' Equal Protection Clause race discrimination claims. Docket No. 75 at 14. Specifically, Tatum ISD argues that no summary judgment evidence shows that the Board had actual or constructive knowledge of the alleged constitutional violations against Plaintiffs. *Id.* at 15. Plaintiffs respond, pointing to specific pieces of summary judgment evidence that they argue raise a genuine issue of material fact. Docket No. 81 at 8–9.

Here, Plaintiffs point to at least three pieces of summary judgment evidence to sufficiently raise a genuine issue of material fact regarding Plaintiffs' Equal Protection Clause race discrimination claim. First, Plaintiffs point to the Level III Grievance Hearing transcript of the dispute their representatives raised directly to the Board. *See, e.g.*, Docket No. 81-1 at 47 ("And we also know that, this, uh, policy, discriminate policy, is not being applied equally across the board. Uh, we know (sound skips) that the, website, uh, the Tatum Independent, uh, School District's website, as well as, its, uh, yearbook you can see that Caucasian students have hair that falls in their face and they're still allowed to, to still attend school.")[4] This transcript alone raises a genuine issue of material fact as to whether the Board had actual or constructive knowledge of the alleged constitutional violations against Plaintiffs.

Second, Plaintiffs point to deposition testimony of Tatum ISD's Assistant Superintendent in response to the Tatum ISD's discipline data. Tatum ISD argues that the discipline data in

---

[4] Plaintiffs inadvertently referred to the transcript under an incorrect exhibit label in their response to Tatum ISD's motion for summary judgment and admit that they omitted the photographs that were shown to the Board during the Level III Grievance Hearing from the attachments to their response. *See* Docket No. 112. Tatum ISD argues that the photographs submitted after briefing and argument is untimely and inappropriate and prejudices Tatum ISD by ambushing it and not properly allowing Tatum ISD to respond. *See* Docket No. 113. However, even without considering the disputed photographs, the Court bases its finding on the Level III Grievance Hearing transcript that was submitted in the attachments to Plaintiffs' response to Tatum ISD's motion for summary judgment.

evidence cannot show any genuine issue of material fact as to whether black students were disproportionately affected by Tatum ISD's hair policy that was in effect at the time Plaintiffs were disciplined. See Docket No. 75 at 17–18. Tatum ISD contends that discipline data over five school years shows both black and white high school and middle school students were indiscriminately disciplined by Tatum ISD under the hair policy. *Id.* (citing Docket No. 75-1 at 201–06). But Plaintiffs refute this by arguing the data shows only Plaintiffs, who are black male students, were disciplined at the elementary school level but that white male students at the elementary school level allegedly in violation of the hair policy were not disciplined. Docket No. 81 at 8–9. Plaintiffs bolster its take on the discipline data by pointing to deposition testimony by Tatum ISD's Assistant Superintendent suggesting that the hair and grooming policy was never meant to be applied to elementary school students because they are too young to be held accountable. *Id.* at 8 n.2 (citing Docket No. 81-1 at 8–9). Thus, this deposition testimony of Tatum ISD's Assistant Superintendent raises a genuine issue of material fact as to whether Plaintiffs, as black elementary school students, were disproportionately affected and the hair policy was discriminately enforced against them.

Third, Plaintiffs point to an email statement by Tatum ISD's Assistant Superintendent to Board members that states in pertinent part:

> I know that in history the slave owners did not always allow the slaves to have long hair. Would we now be possibly classified as slave owners? Could others challenge different aspects of the current dress code and put TISD in a negative manner once again? Will school dress codes be challenged for racial inequality in the near future?

Docket No. 81-1 at 16. Plaintiffs argue this email statement warrants a trial on the merits, in view of the other summary judgment evidence that Plaintiffs argue shows that only black elementary students have ever been disciplined pursuant to this policy and thus have been subjected to disparate treatment. Docket No. 81 at 9. Tatum ISD argues that a simple reading of that email cannot support a claim that the Superintendent or the Board used race to determine which students

were disciplined under the dress code. Docket No. 87 at 5. Tatum ISD explains the Superintendent was actually expressing views that he did not see the need for such a strict dress code based on the societal changes the population was experiencing. Docket No. 75 at 11. Defendant's explanation, while plausible when reading the Superintendent's statements in the context of his entire email, nevertheless disputes Plaintiffs' arguments and ultimately raises a question of fact for the jury as to what the Superintendent meant and whether his statements support Plaintiff's arguments regarding disparate treatment. Therefore, viewing all of the evidence in the light most favorable to nonmovant Plaintiffs and resolving all inferences in their favor, the Court agrees with Plaintiffs that the summary judgment evidence raises a genuine issue of material fact, precludes summary judgment, and warrants a trial as to Plaintiffs' Equal Protection Clause race discrimination claim.

Tatum ISD also argues specifically that no summary judgment evidence can show (1) a persistent, widespread pattern or practice of highly similar unconstitutional behavior by Tatum ISD officials or employees; or (2) that Tatum ISD did not act with deliberate indifference to Plaintiffs' constitutional rights. Docket No. 75 at 17, 19. But the Court has already determined that Tatum ISD fails to show why Plaintiffs need to plead or show either element as a matter of law when Plaintiffs' allegations are based on the Board's alleged decision to officially adopt and promulgate the enforcement of the hair policy only against black male students but not white male students at the Board meeting where Plaintiffs' representatives allegedly raised evidence of discrimination while lodging their grievances with the Board. *See supra* Discussion Section I.A.1. Here, Plaintiffs need only raise genuine issues of material fact based on their pleadings by pointing to summary judgment evidence, which they have done. Accordingly, Tatum ISD's motion for summary judgment (Docket No. 75) is **DENIED-IN-PART** as to Plaintiffs' Equal Protection Clause race discrimination claim.

2)      Title VI Claim

Relying on its previous arguments related to Plaintiffs' Equal Protection Clause race discrimination claim, Tatum ISD argues that the Court should grant summary judgment and dismiss Plaintiffs' Title VI race discrimination claim because there is no evidence that Tatum ISD or its employees intentionally discriminated against Plaintiffs or any other student based on their race. Docket No. 75 at 22–23. Tatum ISD also argues that because no mental anguish damages are available under Plaintiffs' Title VI claim and Plaintiffs' injunctive and declaratory relief claims are now moot, Plaintiffs' Title VI race discrimination claim should also be dismissed because they cannot recover any damages under it. *Id.* at 23.

Here, as Plaintiffs point out in their response (Docket No. 81 at 10–11), Tatum ISD's summary judgment arguments fail as to Plaintiffs' Title VI race discrimination claim for the same reasons they fail as to Plaintiffs' Equal Protection Clause race discrimination claim. And even assuming *arguendo* that no mental anguish damages are available under Plaintiffs' Title VI claim and Plaintiffs' injunctive and declaratory relief claims are now moot, Tatum ISD fails to convincingly show that no other relief is available under Plaintiffs' Title VI race discrimination claim. Accordingly, Tatum ISD's motion for summary judgment (Docket No. 75) is **DENIED-IN-PART** as to Plaintiffs' Title VI race discrimination claim.

III.    **Sex Discrimination Claims**

A.      *Motion to Dismiss*

Tatum ISD only moves to dismiss Plaintiffs' Title IX sex discrimination claim in its renewed motion to dismiss. *See* Docket No. 74 at 14. Consistent with the Court's previous Order denying-as-premature Tatum ISD's original motion to dismiss Plaintiffs' Title IX sex discrimination claims (*see* Docket No. 28 at 14), the Court carries Tatum ISD's motion to dismiss

as to Plaintiffs' Title IX sex discrimination claim and addresses the arguments regarding both of Plaintiffs' sex discrimination claims below in its analysis of Tatum ISD's co-pending motion for summary judgment.

### B.    Motion for Summary Judgment

#### 1)    Equal Protection Clause Claim

Tatum ISD argues the undisputed summary judgment evidence does not raise a genuine question of material fact to support Plaintiffs' Equal Protection Clause claim of sex discrimination because although Tatum ISD's hair length restriction treated male and female students differently, on its face, it did not amount to invidious discrimination against male students even under intermediate scrutiny. Docket No. 75 at 20. Tatum ISD articulates several bases for its dress code and hair policy in effect during Plaintiffs' alleged injuries, including: (1) community expectations; (2) student success; and (3) career readiness. *Id.* at 21. Tatum ISD maintains that rational basis scrutiny applies but argues that its stated reasoning would nevertheless withstand intermediate scrutiny. *Id.* at 20–21. Tatum ISD offers an affidavit of Tatum ISD's Superintendent as evidence demonstrating that its hair length restriction for male students was tied to important government interests. *See* Docket No. 75-1 at 4–5. On reply, Tatum ISD argues that the Plaintiffs improperly direct the Court to the *McDonnell Douglas* burden-shifting framework because Plaintiffs' Equal Protection Clause sex discrimination claim should not be analyzed in the same manner as employment discrimination claims under Title VII. Docket No. 87 at 6–7.

Plaintiffs respond, arguing as a threshold matter that Tatum ISD's motion to dismiss fails regarding Plaintiffs' sex discrimination claims because Tatum ISD failed to address the *prima facie* elements of the *McDonnell Douglass* burden-shifting framework. Docket No. 81 at 13. Plaintiffs contend that Tatum ISD's stated reasons for their policy are pretextual and invented *post*

*hoc* in response to litigation. *Id.* at 14. Plaintiffs argue that the Assistant Superintendent testified during his deposition that the reason for the hair length requirement was for extracurricular activities such as sports and not the reasons given in the Superintendent's affidavit. *Id.* Plaintiffs further contend that the Superintendent should have an email penned at the time he was advocating for the policy in the name of community expectations, student success, and career readiness; not just an after-the-fact justification. *Id.* at 15. Plaintiffs also discuss out-of-circuit case law and their rights to freedom of expression and freedom of religion. *Id.* at 15–16.

Here, as a threshold matter, even assuming *arguendo* that the *McDonnell Douglass* burden-shifting framework could be applied outside the employment discrimination context, Plaintiffs' arguments regarding the *McDonnell Douglass* burden-shifting framework are inapposite. The framework allows for Plaintiffs to shift the burden of production if Plaintiffs lack direct evidence of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 804 (1973). Here, Plaintiffs already have direct evidence of sex discrimination on the face of the hair policy at issue that only applies its hair length requirements to male students. Moreover, Tatum ISD has already articulated its bases for the hair policy. Therefore, the *McDonnell Douglass* burden-shifting framework does not apply here and Plaintiffs' arguments regarding it fail.

The Court has already determined that intermediate scrutiny applies in its previous Order (Docket No. 28 at 12–13)—the question here is whether Tatum ISD's hair length restriction for male students survives intermediate scrutiny. As a matter of law, in view of Tatum ISD's articulated reasons for the hair length restriction applied only to male students, Plaintiffs' stated reasons of (1) community expectations; (2) student success; and (3) career readiness serve important interests and withstand intermediate scrutiny as it applies in this instance. *See Canady v. Bossier Parish Sch. Dist.*, 240 F.3d 437, 443 (5th Cir. 2001). Ultimately, Plaintiffs fail to cite

any legal authority to show why Tatum ISD's articulated bases do not withstand intermediate scrutiny as a matter of law. And the Court declines to create any such authority that would find that Tatum ISD's articulated bases fail under intermediate scrutiny as a matter of law.

Plaintiffs' remaining arguments also fail. As Tatum ISD points out in its reply, Plaintiffs cherry-pick a single statement by the Assistant Superintendent where he elaborates on Tatum ISD's articulated bases and discusses safety in extracurricular activities such as sports. *See* Docket No. 87 at 9. But that evidence does not challenge the Superintendent's affidavit—or deposition testimony—that undisputedly sets forth the Tatum ISD's articulated bases for the hair length restriction only applying to male students. Plaintiffs also fail to explain why the Superintendent must produce an email penned at the time he was advocating for the policy to justify Tatum ISD's articulated bases—and Plaintiffs fail to show the mere absence of such an email casts Tatum ISD's articulated bases as after-the-fact justifications. Thus, no genuine issue of material fact exists and Tatum ISD's hair length restriction applied only to male students survives even intermediate scrutiny based on the summary judgment evidence. Accordingly, Tatum ISD's motion for summary judgment (Docket No. 75) is **GRANTED-IN-PART** as to Plaintiffs' Equal Protection Clause sex discrimination claim. Plaintiffs' Equal Protection Clause sex discrimination claim is **DISMISSED**.

2)      Title IX Claim

The parties dispute whether Plaintiffs' Title IX sex discrimination claim survives summary judgment. Title IX provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a).

Tatum ISD argues that the summary judgment evidence as applied to the current state of the law does not raise a genuine issue of material fact to support Plaintiffs' Title IX claim. Docket No. 75 at 23. Tatum ISD contends that Title IX does not apply to hair length restrictions on the basis of sex because the Department of Education withdrew its regulations that prohibited discrimination in the application of codes of personal appearance. *Id.* at 24–25. Tatum ISD also argues that cases in the Title VII employment context support its argument. *Id.* at 25–27. Plaintiffs respond, arguing its Title IX sex discrimination claim should survive summary judgment for the same reasons as its Equal Protection Clause sex discrimination claim. Docket No. 81 at 16. Plaintiffs also discuss the Texas Crown Act in their arguments. *Id.* at 17–18.

Here, Tatum ISD persuasively shows, as a matter of law, that Plaintiffs cannot use Title IX to challenge the Tatum ISD dress code's hair length restriction for male students. Indeed, in withdrawing its regulations that prohibited discrimination in the application of codes of personal appearance, the Department of Education acknowledged that "[d]evelopment and enforcement of appearance codes is an issue for local determination." 47 Fed. Reg. 32,526-02, 32,526–27 (July 28, 1982). The analogous case law in the Title VII employment context cited by Tatum ISD only supports Tatum ISD's position. It bears noting that Plaintiffs fail to make any argument based on the Title IX's legal standard, including any argument regarding statutory interpretation that has been made before other courts. Accordingly, Tatum ISD's motion for summary judgment (Docket No. 75) is **GRANTED-IN-PART** as to Plaintiffs' Title IX sex discrimination claim. Plaintiffs' Title IX sex discrimination claim is **DISMISSED**.

## IV.    First Amendment Freedom of Expression Claim

In its motion for summary judgment, Tatum ISD argues that Plaintiffs' First Amendment freedom of expression claim should be dismissed because the undisputed summary judgment

evidence does not raise any genuine issue of material fact to support the claim. Docket No. 75 at 27. Tatum ISD argues that under binding precedent, hair length and style do not objectively communicate any message that enjoys First Amendment protection. *Id.* Citing deposition testimony of Plaintiffs' respective mother and grandmother, Tatum ISD argues that even if hair length and style could communicate a message that enjoys First Amendment protection, the undisputed evidence does not support that Plaintiffs communicated their intent to wear their hair at a certain length as a discrete message to the world. *Id.* at 28; *see Karr*, 460 F.2d at 613 ("For some, no doubt, the wearing of long hair is intended to convey a discrete message to the world."). Tatum ISD further argues that to the extent Plaintiffs are now attempting to bring a claim for religious discrimination, it is not adequately pleaded and the evidence conclusively establishes that a reasonable accommodation was given. Docket No. 75 at 29–30. Plaintiffs respond, arguing that the motion for summary judgment should be denied because a genuine issue of material fact exists as to whether Plaintiffs let their hair grow long to express their religious beliefs. Docket No. 81 at 18.

Here, upon review of the undisputed summary judgment evidence, Plaintiffs wholly fail to point to any evidence that Plaintiffs communicated their intent to wear their hair at a certain length as a discrete message to the world. At least for that reason, no genuine issue of material fact exists as to Plaintiffs' First Amendment freedom of expression claim and summary judgment is appropriate. Even if Plaintiffs now attempt to shift their claim to focus on expressing their religious beliefs, Plaintiffs have not brought a religious discrimination claim or freedom of religion claim in their most recently amended pleading and are barred from doing so for the first time in a response to a motion for summary judgment. Accordingly, Tatum ISD's motion for summary

judgment (Docket No. 75) is **GRANTED-IN-PART** as to Plaintiffs' First Amendment freedom of expression claim. Plaintiffs' First Amendment freedom of expression claim is **DISMISSED**.

### V.       Declaratory and Injunctive Relief

Tatum ISD argues its motion to dismiss (and motion for summary judgment) should be granted on this issue because Plaintiffs plead they no longer attend school within Tatum ISD and plead that Tatum ISD already revised its dress code to remove the complained-of language. Plaintiffs do not meaningfully respond to either motion's arguments on this issue.

Here, given that the pleadings indicate that Plaintiffs' requests for declaratory and injunctive relief are not actionable and that Plaintiffs failed to meaningfully respond, those requests are moot. Accordingly, Tatum ISD's motion to dismiss (Docket No. 74) is **GRANTED-IN-PART** as to Plaintiffs' requests for declaratory and injunctive relief. Plaintiffs' requests for declaratory and injunctive relief are **DISMISSED**.

The Court does not address the declaratory and injunctive relief issue in the motion for summary judgment given it has already been addressed with respect to the motion to dismiss.

### CONCLUSION

Accordingly, for the reasons set forth above, it is

**ORDERED** that. Plaintiffs' Objections to Tatum ISD's Summary Judgment Evidence (Docket No. 82) are **OVERRULED**. It is further

**ORDERED** that Tatum ISD's motion to dismiss (Docket No. 74) is **DENIED-IN-PART** as to Plaintiffs' Equal Protection Clause race discrimination claim. It is further

**ORDERED** that Tatum ISD's motion to dismiss (Docket No. 74) is **DENIED-IN-PART** as to Plaintiffs' Title VI race discrimination claim. It is further

**ORDERED** that Tatum ISD's motion for summary judgment (Docket No. 75) is **DENIED-IN-PART** as to Plaintiffs' Equal Protection Clause race discrimination claim. It is further

**ORDERED** that Tatum ISD's motion for summary judgment (Docket No. 75) is **DENIED-IN-PART** as to Plaintiffs' Title VI race discrimination claim. It is further

**ORDERED** that Tatum ISD's motion for summary judgment (Docket No. 75) is **GRANTED-IN-PART** as to Plaintiffs' Equal Protection Clause sex discrimination claim. It is further

**ORDERED** that Plaintiffs' Equal Protection Clause sex discrimination claim is **DISMISSED**. It is further

**ORDERED** that Tatum ISD's motion for summary judgment (Docket No. 75) is **GRANTED-IN-PART** as to Plaintiffs' Title IX sex discrimination claim. It is further

**ORDERED** that Plaintiffs' Title IX sex discrimination claim is **DISMISSED**. It is further

**ORDERED** that Tatum ISD's motion for summary judgment (Docket No. 75) is **GRANTED-IN-PART** as to Plaintiffs' First Amendment freedom of expression claim. It is further

**ORDERED** that Plaintiffs' First Amendment freedom of expression claim is **DISMISSED**. It is further

**ORDERED** that Tatum ISD's motion to dismiss (Docket No. 74) is **GRANTED-IN-PART** as to Plaintiffs' requests for declaratory and injunctive relief. It is further

**ORDERED** that Plaintiffs' requests for declaratory and injunctive relief are **DISMISSED**.

**So ORDERED and SIGNED this 13th day of October, 2023.**

*Robert W Schroeder III*

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE