IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| M.T., a minor by and through his grandmother and next friend, EDWINA WOODLEY, et al., | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | C.A. NO.: 2:21-cv-00364 |
| TATUM UNIFIED SCHOOL DISTRICT, | § § | |
| Defendant. | § § | |

## TATUM INDEPENDENT SCHOOL DISTRICT'S
## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS'
## SECOND AMENDED COMPLAINT

Tatum Independent School District (TISD or the District) files its Answer and Affirmative Defenses to Plaintiffs' Second Amended Complaint (Dkt. 56), as follows:

## ANSWER[1]

1.    Paragraph 1 of the complaint does not contain factual allegations requiring admission or denial. However, to the extent it does, the District denies the CROWN Act has any bearing on this case or Plaintiffs' claims.

2.    Paragraph 2 of the complaint does not contain factual allegations requiring admission or denial. However, to the extent it does, the District denies the CROWN Act has any bearing on this case or Plaintiffs' claims and denies that it has overturned binding Fifth Circuit authority.

---

[1] Plaintiffs' second amended complaint contains an unnumbered prefatory paragraph. To the extent the District is required to admit or deny the factual allegations in this paragraph, the District admits Plaintiffs have filed suit, but denies it violated any of their rights or that they are entitled to any relief.

3.      Based on the depositions and discovery already conducted in this matter, the District denies the allegations contained in paragraph 3 of the complaint.

4.      Based on the depositions and discovery already conducted in this matter, the District denies the allegations contained in paragraph 4 of the complaint.

5.      The District admits that it's former dress code that was in place from the beginning of the 2019 school year until November 11, 2019, stated, in part, the verbiage contained in paragraph 5 of the complaint.

6.      Based on the depositions and discovery already conducted in this matter, the District denies the remaining allegations contained in paragraph 6 of the complaint.

7.      The District admits that hairstyle is not synonymous with race. Based on the depositions and discovery already conducted in this matter, the District denies the remaining allegations contained in paragraph 7 of the complaint.

8.      The District admits that culture is distinct from race. The District further admits that hairstyles are not solely racial identifiers. Based on the depositions and discovery already conducted in this matter, the District denies the remaining allegations contained in paragraph 8 of the complaint.

9.      Paragraph 9 of the complaint does not contain factual allegations requiring admission or denial.

10.      The District admits that M.T. was 4 years old and K.C. was 5 years old when the underlying events occurred. The District further admits that M.T. and K.C. are African American males. The District further admits that M.T. and K.C. were sent to the Redirect Room after their guardians refused to bring them into compliance with the District's dress

and grooming code, even after being afforded multiple opportunities to do so. Based on the depositions and discovery already conducted in this matter, the District denies the remaining allegations contained in paragraph 10 of the complaint.

11.    Based on the depositions and discovery already conducted in this matter, the District denies the allegations contained in paragraph 11 of the complaint.

12.    The District admits that Edwina Woodley is M.T.'s guardian. The District further admits that M.T. was required to abide by the District's dress and grooming code as an enrolled student. The District further admits that Ms. Woodley publicly protested the District's dress code policy. Based on the depositions and discovery already conducted in this matter, the District denies the remaining allegations contained in paragraph 12 of the complaint.

13.    The District admits that Kambry Cox is K.C.'s mother. The District further admits that K.C. was required to abide by the District's dress and grooming code as an enrolled student. Based on the depositions and discovery already conducted in this matter, the District denies the remaining allegations contained in paragraph 13 of the complaint.

14.    Based on the depositions and discovery already conducted in this matter, the District denies the allegations contained in paragraph 14 of the complaint.

15.    Based on the depositions and discovery already conducted in this matter, as well as the Court's September 30, 2022, Order (Dkt. 28) and October 13, 2023, Order (Dkt. 119), the District denies the allegations contained in paragraph 15 of the complaint.

16.    To the extent it is necessary to admit or deny, the District admits Plaintiffs asserted claims under the Fourteenth and First Amendments, Title VI, and Title IX.

However, the District denies it has violated Plaintiffs' rights in any manner and denies that Plaintiffs are entitled to any relief. Further, the Court has dismissed Plaintiffs' sex discrimination claims under Section 1983 and Title IX, as well as Plaintiffs' First Amendment right to free speech and freedom of expression claim. Dkt. 119. Based on the depositions and discovery already conducted in this matter, the District denies the remaining allegations contained in paragraph 16 of the complaint.

17.     The District admits that its Board of Trustees votes on and adopts the District's dress and grooming code, absent exigent circumstances (i.e., additional authority afforded the Superintendent during COVID-19). Based on the depositions and discovery already conducted in this matter, the District denies the remaining allegations contained in paragraph 17 of the complaint.

18.     The District admits it enforced its dress and grooming code against M.T. and K.C. as it did with every other student, regardless of race. Based on the depositions and discovery already conducted in this matter, the District denies the remaining allegations contained in paragraph 18 of the complaint.

19.     The District admits that Ms. Woodley and Ms. Cox filed grievances with the District, which was heard by the Board at a Level III hearing in October of 2019. The District admits these grievances generally requested the District change its dress and grooming code and requested M.T. and K.C. be allowed to re-enroll at the District, as both had been administratively withdrawn for filing fraudulent enrollment paperwork at that point.  Based on the depositions and discovery already conducted in this matter, the District denies the remaining allegations contained in paragraph 19 of the complaint.

20.     The District denies the allegations contained in paragraph 20 of the complaint.

21.     The District admits that the District's dress and grooming code was revised on November 11, 2019, to remove the language prohibiting specific styles (i.e., ponytails, ducktails, rat-tails, male buns, or puffballs) and add the language prohibiting male students from wearing hair accessories. The District further admits that it decided to not continue contracting with Region VII to manage the Head Start program at the District. The District further admits that a news article was run on the District's decisions, as noted in footnote 1 of the complaint. Based on the depositions and discovery already conducted in this matter, the District denies the remaining allegations contained in paragraph 21 of the complaint.

22.     The District admits Superintendent Richardson wrote an email to the District's Board members stating his decision to further revise the dress and grooming code for the 2020-2021 school year. Based on the depositions and discovery already conducted in this matter, the District denies the remaining allegations contained in paragraph 22 of the complaint.

23.     The District admits the Plaintiffs seek relief with the filing of this litigation. Based on the depositions and discovery already conducted in this matter, the District denies the remaining allegations contained in paragraph 23 of the complaint.

24.     The District admits this Court has jurisdiction over Plaintiffs' federal claims as stated in paragraph 24 of the complaint.

25.     The District admits this Court has jurisdiction over Plaintiffs' federal claims as stated in paragraph 25 of the complaint. The District denies Plaintiffs bring state law claims and denies the Court would have jurisdiction over any state law claims if brought.

26.     The District admits venue is proper in the Eastern District of Texas, as alleged in paragraph 26 of the complaint.

27.     The District admits that M.T., a Black male, was enrolled in the District's Head Start Program in August of 2019, when he was 4 years old and that Ms. Woodley is bringing this lawsuit on M.T.'s behalf. The District further admits that M.T. was required to comply with the District's dress and grooming code, but that his guardian purposefully sent him to school out of dress code and refused to get him into compliance even when afforded the opportunity to do so. The District further admits that M.T. was administratively withdrawn after it was discovered Ms. Woodley fraudulently enrolled M.T. in the Head Start Program. Based on the depositions and discovery already conducted in this matter, the District denies the remaining allegations contained in paragraph 27 of the complaint.

28.     The District admits that K.C., a Black male, was enrolled in Kindergarten at the District in August of 2019, when he was 5 years old and that Ms. Cox is bringing this lawsuit on K.C.'s behalf. The District further admits that K.C. was required to comply with the District's dress and grooming code, but that his guardian purposefully sent him to school out of dress code and refused to get him into compliance even when afforded the opportunity to do so. The District further admits that K.C. was administratively withdrawn after it was discovered Ms. Cox fraudulently enrolled K.C. in the District. The District

further admits that it is a public school district in Rusk County, Texas, and receives federal financial assistance. The District further admits that its Board of Trustees oversees the management of the District and previously adopted a dress and grooming code that prohibited male students from having hair that extended past their shoulders and prohibited male students from wearing their hair in ponytails, ducktails, rat-tails, male buns, or puffballs. The District admits that the Board heard and denied Plaintiffs' Level III grievances requesting they be allowed to re-enroll and to further revise its dress code. The District denies that any exhibits are attached to the complaint. Based on the depositions and discovery already conducted in this matter, the District denies the remaining allegations contained in paragraph 28 of the complaint.

29.     The District admits the weblink contained in footnote 5 found in paragraph 29 of the complaint contains data from the National Center for Education Statistics. The District further admits that it is located in Tatum, Rusk County, Texas. The District denies the remaining allegations contained in paragraph 29 of the complaint.

30.     The District admits the weblink contained in footnotes 6 and 7 found in paragraph 30 of the complaint contains data from the National Center for Education Statistics. The District denies the remaining allegations contained in paragraph 30 of the complaint.

31.     The District admits it has one high school, one middle school, one elementary school, and one primary school. The District denies the remaining allegations contained in paragraph 31 of the complaint.

32.     The District denies the allegations contained in paragraph 32 of the complaint.

33.     The District admits it maintains a Student Code of Conduct that sets forth the standards for its students, consequences for student misconduct, and the general procedures for administrative discipline. The District further admits that its Board adopts the Student Code of Conduct annually. The District denies the remaining allegations contained in paragraph 33 of the complaint.

34.     The District admits its dress and grooming code at the beginning of the 2019-2020 school year restricted all male students, regardless of race, from wearing their hair below their shirt collar or shoulders and prohibited all male students, regardless of race, from wearing their hair in a ponytail, ducktail, rat-tail, male bun, or puffball. Based on the depositions and discovery already conducted in this matter, the District denies the remaining allegations contained in paragraph 34 of the complaint.

35.     Based on the depositions and discovery already conducted in this matter, as well as the Court's September 30, 2022, Order (Dkt. 28) and October 13, 2023, Order (Dkt. 119), the District denies the allegations contained in paragraph 35 of the complaint.

36.     Based on the depositions and discovery already conducted in this matter, as well as the Court's September 30, 2022, Order (Dkt. 28) and October 13, 2023, Order (Dkt. 119), the District denies the allegations contained in paragraph 36 of the complaint.

37.     Based on the depositions and discovery already conducted in this matter, the District denies the allegations contained in paragraph 37 of the complaint.

38.     Based on the depositions and discovery already conducted in this matter, the District denies the allegations contained in paragraph 38 of the complaint.

39.     The District admits that hairstyle is not synonymous with race. Based on the depositions and discovery already conducted in this matter, the District denies the remaining allegations contained in paragraph 39 of the complaint.

40.     The District admits that culture is distinct from race. The District further admits that hairstyles are not racial identifiers solely. Based on the depositions and discovery already conducted in this matter, the District denies the remaining allegations contained in paragraph 40 of the complaint.

41.     Paragraph 41 of the complaint does not contain allegations the District is required to admit or deny. To the extent necessary, the District denies the allegations contained in paragraph 41 of the complaint.

42.     Paragraph 42 of the complaint does not contain allegations the District is required to admit or deny. To the extent necessary, the District denies the allegations contained in paragraph 42 of the complaint.

43.     Paragraph 43 of the complaint does not contain allegations the District is required to admit or deny. To the extent necessary, the District denies the allegations contained in paragraph 43 of the complaint.

44.     Paragraph 44 of the complaint does not contain allegations the District is required to admit or deny. To the extent necessary, the District denies the allegations contained in paragraph 44 of the complaint.

45.     The District admits the weblink contained in footnote 12 of paragraph 45 of the complaint contains information on the Texas Head Start program from www.benefits.gov. The District admits M.T.'s guardian, Ms. Woodley, fraudulently enrolled M.T. in the Head Start Program in August of 2019 when M.T. was 4 years old. Based on the depositions and discovery already conducted in this matter, the District denies the remaining allegations contained in paragraph 45 of the complaint.

46.     The District admits that District officials, including Dr. Richardson, met with Ms. Woodley to discuss available ways (including ways that did not require M.T. to cut his hair) to ensure M.T. complied with the District's dress code, due to M.T.'s hair being longer than his shoulders. Based on the depositions and discovery already conducted in this matter, the District denies the remaining allegations contained in paragraph 46 of the complaint.

47.     The District admits that M.T. came to school in compliance with the dress code on August 14, 2019. The District further admits that M.T. came to school out of compliance with the dress code on August 19, 2019, and a note was, therefore, sent home to request parental assistance in ensuring M.T. would be in compliance in the future, as is the normal course taken by administrators at Tatum Primary School when a student is not in dress code. Based on the depositions and discovery already conducted in this matter, the District denies the remaining allegations contained in paragraph 47 of the complaint.

48.     The District admits that M.T. was in compliance with the District's dress code from August 20 to September 17, 2019, without issue. The District further admits that Ms. Woodley then decided to purposefully send M.T. to school out of dress code on

September 18-19 and 23-27, 2019. The District further admits that each day M.T. was sent to school out of dress code, Ms. Woodley would be called and given the chance to come to the school and get M.T. into compliance, without the need for M.T. to be sent to the Redirect Room for being out of dress code. The District further admits that Ms. Woodley came to school and fixed M.T.'s hair so that it was above his shoulders, on September 18, 2019, and M.T. was, therefore, not sent to the Redirect Room that day. The District further admits that, on September 19 and 23-27, 2019, even after being given the opportunity to come to the school and fix M.T.'s hair to be in compliance, Ms. Woodley refused to do so and willfully and purposefully ensured M.T. was sent to the Redirect Room for being out of noncompliance. Based on the depositions and discovery already conducted in this matter, as well as the Court's October 13, 2023, Order (Dkt. 119), the District denies the remaining allegations contained in paragraph 48 of the complaint.

49.    The District reiterates its admissions in paragraph 48 above. The District further admits that Ms. Woodley publicly protested the District's dress code and posted numerous social media posts. Based on the depositions and discovery already conducted in this matter, as well as the Court's October 13, 2023, Order (Dkt. 119), the District denies the remaining allegations contained in paragraph 49 of the complaint.

50.    The District admits that, after a home visit was conducted in mid-September 2019, it discovered Ms. Woodley had fraudulently enrolled M.T. in the Head Start program. Specifically, after Ms. Woodley became aware her income did not qualify for the program, she fraudulently had her mother, Ms. Johnson, whose income would qualify, complete enrollment paperwork for M.T., claiming Ms. Johnson had guardianship over

M.T. when that was never true. The District further admits that, after it was discovered M.T. was not properly enrolled in the District, he was administratively withdrawn. Based on the depositions and discovery already conducted in this matter, the District denies the remaining allegations contained in paragraph 50 of the complaint.

51.     The District denies there are attached exhibits to the complaint. Based on the depositions and discovery already conducted in this matter, the District denies the remaining allegations contained in paragraph 51 of the complaint.

52.     The District admits that Ms. Cox fraudulently enrolled K.C. in Kindergarten at the District for the 2019-2020 school year, when he was 5 years old. Based on the depositions and discovery already conducted in this matter, the District denies the remaining allegations contained in paragraph 52 of the complaint.

53.     The District admits a letter was sent home, on August 19, 2019, requesting parental assistance with ensuring K.C. was in compliance with the dress code, after he came to school out of dress code with his hair in a ponytail. Based on the depositions and discovery already conducted in this matter, the District denies the remaining allegations contained in paragraph 53 of the complaint.

54.     Based on the depositions and discovery already taken in this matter, the District denies the allegations contained in paragraph 54.

55.     Based on the depositions and discovery already taken in this matter, the District denies the allegations contained in paragraph 55.

56.     The District admits that K.C. was in compliance with the District's dress code from August 20 to September 17, 2019, without issue. The District further admits that

Ms. Cox then decided to purposefully send M.T. to school out of dress code on September 18 and 19, 2019. The District further admits that each day K.C. was sent to school out of dress code, Ms. Cox would be called and given the chance to come to the school and get K.C. into compliance, without the need for K.C. to be sent to the Redirect Room for being out of dress code. The District further admits that Ms. Cox came to school and fixed K.C.'s hair by removing the ponytail holder she had placed in his hair, on September 18, 2019, and K.C. was, therefore, not sent to the Redirect Room for noncompliance. The District further admits that, on September 19, 2019, even after being given the opportunity to come to the school and fix K.C.'s hair to be in compliance, Ms. Cox refused to do so and willfully and purposefully ensured K.C. was sent to the Redirect Room for being out of noncompliance. Based on the depositions and discovery already conducted in this matter, the District denies the remaining allegations contained in paragraph 56 of the complaint.

57.     The District admits that Ms. Cox sent K.C. to school with his hair in a ponytail, and out of compliance with the dress code, on September 19, 2019. The District further admits that Ms. Cox was called and allowed the opportunity to come to the school and get K.C. in compliance with the dress code, as she had done the day before, but that Ms. Cox refused and, therefore, ensured K.C. was sent to the Redirect Room for being out of compliance with the dress code. Based on the depositions and discovery already conducted in this matter, the District denies the remaining allegations contained in paragraph 57 of the complaint.

58.     The District admits Ms. Cox protested the dress code. Based on the depositions and discovery already conducted in this matter, the District denies the remaining allegations contained in paragraph 58 of the complaint.

59.     The District admits that Ms. Cox fraudulently enrolled K.C. in the District by knowingly and intentionally submitting a property tax document as proof of residency that was for a piece of undeveloped land within the District, but that she and K.C. did not live at. The District further admits that after this fraudulent act was discovered, K.C. was administratively withdrawn from the District. Based on the depositions and discovery already conducted in this matter, the District denies the remaining allegations contained in paragraph 59 of the complaint.

60.     The District admits that Ms. Woodley and Ms. Cox filed grievances after M.T. and K.C. were administratively withdrawn from the District, requesting M.T. and K.C. to be reenrolled and for the District to revise its dress code. The District further admits that its Board heard the grievances on October 21, 2019, and voted to deny the grievances. Based on the depositions and discovery already conducted in this matter, the District denies the remaining allegations contained in paragraph 60 of the complaint.

61.     The District admits its Board votes and adopts the District-wide dress code that is enforced against all students, regardless of race, and is done so in a non-discriminatory manner. Based on the depositions and discovery already conducted in this matter, the District denies the remaining allegations contained in paragraph 61 of the complaint.

62.     Based on the depositions and discovery already conducted in this matter, the District denies the allegations contained in paragraph 62 of the complaint.

63.     The District admits that Ms. Woodley and Ms. Cox made statements that they believed the District's dress code was unconstitutional, in general. Based on the depositions and discovery already conducted in this matter, the District denies remaining allegations contained in paragraph 63 of the complaint.

64.     The District admits that Ms. Woodley is M.T.'s guardian. The District further admits that, when M.T. was enrolled in the District, he was required to comply with the District's dress code, as all students were required to do so. The District further admits that District officials, including Dr. Richardson, met with Ms. Woodley to discuss available ways (including ways that did not require M.T. to cut his hair) to ensure M.T. complied with the District's dress code, due to M.T.'s hair being longer than his shoulders. Based on the depositions and discovery already conducted in this matter, as well as the Court's September 30, 2022, Order (Dkt. 28) and October 13, 2023, Order (Dkt. 119), the District denies the remaining allegations contained in paragraph 64 of the complaint.

65.     The District admits that Ms. Cox is K.C.'s guardian. The District further admits that, when K.C. was enrolled in the District, he was required to comply with the District's dress code, as all students were required to do so. Based on the depositions and discovery already conducted in this matter, the District denies the remaining allegations contained in paragraph 65 of the complaint.

66.     Based on the depositions and discovery already conducted in this matter, the District denies the allegations contained in paragraph 66 of the complaint.

67.     Based on the depositions and discovery already conducted in this matter, the District denies the allegations contained in paragraph 67 of the complaint.

68.     The District admits that the District's dress and grooming code was revised on November 11, 2019, to remove the language prohibiting specific styles (i.e., ponytails, ducktails, rat-tails, male buns, or puffballs) and add the language prohibiting male students from wearing hair accessories. The District further admits that a news article was run on the District's decisions, as noted in footnotes 13 and 14 of the complaint. Based on the depositions and discovery already conducted in this matter, the District denies the remaining allegations contained in paragraph 68 of the complaint.

69.     The District admits that the District's dress and grooming code was revised on November 11, 2019, to remove the language prohibiting specific styles (i.e., ponytails, ducktails, rat-tails, male buns, or puffballs) and add the language prohibiting male students from wearing hair accessories. These revisions went into effect immediately. The District further admits that it decided to not continue contracting with Region VII to manage the Head Start program at the District. The District further admits that the dress code was revised further in June of 2020 to remove the hair length restrictions for its male students. The District further admits that a news article was run on the District's decisions, as noted in footnotes 15-17 of the complaint. Based on the depositions and discovery already conducted in this matter, the District denies the remaining allegations contained in paragraph 69 of the complaint.

70.     Based on the depositions and discovery already conducted in this matter, the District denies the allegations contained in paragraph 70 of the complaint.

71.     Based on the depositions and discovery already conducted in this matter, the District denies the allegations contained in paragraph 71 of the complaint.

72.     Based on the depositions and discovery already conducted in this matter, the District denies the allegations contained in paragraph 72 of the complaint.

73.     Based on the depositions and discovery already conducted in this matter, the District denies the allegations contained in paragraph 73 of the complaint.

74.     Based on the depositions and discovery already conducted in this matter, the District denies the allegations contained in paragraph 74 of the complaint.

75.     The District admits M.T. and K.C. bring a Fourteenth Amendment race discrimination claim against the District but denies they are entitled to any relief. Based on the depositions and discovery already conducted in this matter, the District denies the remaining allegations contained in paragraph 75 of the complaint.

76.     Paragraph 76 of the complaint does not require the District to admit or deny any allegations. To the extent it does, based on the depositions and discovery already conducted in this matter, the District denies the allegations contained in paragraph 76 of the complaint.

77.     Paragraph 77 of the complaint does not require the District to admit or deny any allegations.

78.     Paragraph 78 of the complaint does not require the District to admit or deny any allegations.

79.     Paragraph 79 of the complaint does not require the District to admit or deny any allegations.

80.     Paragraph 80 of the complaint does not require the District to admit or deny any allegations.

81.     Paragraph 81 of the complaint does not require the District to admit or deny any allegations.

82.     The District admits, pursuant to Section 11.151 of the Texas Education Code, the District's Board of Trustees is vested with "the exclusive power and duty to govern and oversee the management of the public schools of the district." The District denies the remaining allegations contained in paragraph 82 of the complaint.

83.     The District admits its Board has adopted a race-neutral dress code that applies to all students equally, regardless of race. Based on the depositions and discovery already conducted in this matter, the District denies the remaining allegations contained in paragraph 83 of the complaint.

84.     The District admits its Board has adopted a race-neutral dress code that applies to all students equally, regardless of race. Based on the depositions and discovery already conducted in this matter, the District denies the remaining allegations contained in paragraph 84 of the complaint.

85.     Based on the depositions and discovery already conducted in this matter, the District denies the allegations contained in paragraph 85 of the complaint.

86.     Based on the depositions and discovery already conducted in this matter, the District denies the allegations contained in paragraph 86 of the complaint.

87.     Based on the depositions and discovery already conducted in this matter, the District denies the allegations contained in paragraph 87 of the complaint.

88.     Based on the depositions and discovery already conducted in this matter, the District denies the allegations contained in paragraph 88 of the complaint.

89.     The District admits that the District's dress and grooming code was revised on November 11, 2019, to remove the language prohibiting specific styles (i.e., ponytails, ducktails, rat-tails, male buns, or puffballs) and add the language prohibiting male students from wearing hair accessories. The District further admits that it decided to not continue contracting with Region VII to manage the Head Start program at the District. The District further admits that a news article was run on the District's decisions, as noted in footnotes 18 and 19 of the complaint. Based on the depositions and discovery already conducted in this matter, the District denies the remaining allegations contained in paragraph 89 of the complaint.

90.     Based on the depositions and discovery already conducted in this matter, as well as the Court's September 30, 2022, Order (Dkt. 28) and October 13, 2023, Order (Dkt. 119), the District denies the allegations contained in paragraph 90 of the complaint.

91.     Based on the depositions and discovery already conducted in this matter, the District denies the allegations contained in paragraph 91 of the complaint.

92.     Paragraph 92 of the complaint does not contain factual allegations requiring admission or denial. However, to the extent it does, the District denies the CROWN Act has any bearing on this case or Plaintiffs' claims.

93.     Paragraph 93 of the complaint does not contain factual allegations requiring admission or denial. However, to the extent it does, the District denies the CROWN Act

has any bearing on this case or Plaintiffs' claims and denies that it has overturned binding Fifth Circuit authority.

94.     Based on the depositions and discovery already conducted in this matter, the District denies the allegations contained in paragraph 94 of the complaint.

95.     The District admits M.T. and K.C. bring a Title VI race discrimination claim against the District but denies they are entitled to any relief. Based on the depositions and discovery already conducted in this matter, the District denies the remaining allegations contained in paragraph 95 of the complaint.

96.     Paragraph 96 of the complaint does not require the District to admit or deny any allegations. To the extent it does, based on the depositions and discovery already conducted in this matter, the District denies the allegations contained in paragraph 96 of the complaint.

97.     Paragraph 97 of the complaint does not require the District to admit or deny any allegations.

98.     The District admits it receives federal funds. The District denies the remaining allegations contained in paragraph 98 of the complaint.

99.     The District admits it receives federal funds. The District denies the remaining allegations contained in paragraph 99 of the complaint.

100.    Paragraph 100 of the complaint does not require the District to admit or deny any allegations.

101.    Based on the depositions and discovery already conducted in this matter, the District denies the allegations contained in paragraph 101 of the complaint.

102.    Based on the depositions and discovery already conducted in this matter, the District denies the allegations contained in paragraph 102 of the complaint.

103.    Based on the depositions and discovery already conducted in this matter, the District denies the allegations contained in paragraph 103 of the complaint.

104.    The District admits its Board has adopted a race-neutral dress code that applies to all students equally, regardless of race. Based on the depositions and discovery already conducted in this matter, the District denies the remaining allegations contained in paragraph 104 of the complaint.

105.    Based on the depositions and discovery already conducted in this matter, the District denies the allegations contained in paragraph 105 of the complaint.

106.    Based on the depositions and discovery already conducted in this matter, the District denies the allegations contained in paragraph 106 of the complaint.

107.    The District admits that Ms. Woodley is M.T.'s guardian. The District further admits that, when M.T. was enrolled in the District, he was required to comply with the District's dress code, as all students were required to do so. The District further admits that District officials, including Dr. Richardson, met with Ms. Woodley to discuss available ways (including ways that did not require M.T. to cut his hair) to ensure M.T. complied with the District's dress code, due to M.T.'s hair being longer than his shoulders. Based on the depositions and discovery already conducted in this matter, the District denies the remaining allegations contained in paragraph 107 of the complaint.

108.    The District admits that Ms. Cox is K.C.'s guardian. The District further admits that, when K.C. was enrolled in the District, he was required to comply with the

District's dress code, as all students were required to do so. Based on the depositions and discovery already conducted in this matter, the District denies the remaining allegations contained in paragraph 108 of the complaint.

109.    Based on the depositions and discovery already conducted in this matter, the District denies the allegations contained in paragraph 109 of the complaint.

110.    Based on the depositions and discovery already conducted in this matter, the District denies the allegations contained in paragraph 110 of the complaint.

111.    The District admits that the District's dress and grooming code was revised on November 11, 2019, to remove the language prohibiting specific styles (i.e., ponytails, ducktails, rat-tails, male buns, or puffballs) and add the language prohibiting male students from wearing hair accessories. The District further admits that it decided to not continue contracting with Region VII to manage the Head Start program at the District. The District further admits that a news article was run on the District's decisions, as noted in footnotes 20 and 21 of the complaint. Based on the depositions and discovery already conducted in this matter, the District denies the remaining allegations contained in paragraph 111 of the complaint.

112.    Based on the depositions and discovery already conducted in this matter, as well as the Court's September 30, 2022, Order (Dkt. 28) and October 13, 2023, Order (Dkt. 119), the District denies the allegations contained in paragraph 112 of the complaint.

113.    Based on the depositions and discovery already conducted in this matter, the District denies the allegations contained in paragraph 113 of the complaint.

114.    Paragraph 114 of the complaint does not contain factual allegations requiring admission or denial. However, to the extent it does, the District denies the CROWN Act has any bearing on this case or Plaintiffs' claims.

115.    Based on the depositions and discovery already conducted in this matter, the District denies the allegations contained in paragraph 115 of the complaint.

116.    The District is not required to admit or deny the allegations contained in paragraph 116 because the Court has dismissed Plaintiffs' Fourteenth Amendment's Equal Protection Clause pursuant to Section 1983 based on sex discrimination. Dkt. 119.

117.    The District is not required to admit or deny the allegations contained in paragraph 117 because the Court has dismissed Plaintiffs' Fourteenth Amendment's Equal Protection Clause pursuant to Section 1983 based on sex discrimination. Dkt. 119.

118.    The District is not required to admit or deny the allegations contained in paragraph 118 because the Court has dismissed Plaintiffs' Fourteenth Amendment's Equal Protection Clause pursuant to Section 1983 based on sex discrimination. Dkt. 119.

119.    The District is not required to admit or deny the allegations contained in paragraph 119 because the Court has dismissed Plaintiffs' Fourteenth Amendment's Equal Protection Clause pursuant to Section 1983 based on sex discrimination. Dkt. 119.

120.    The District is not required to admit or deny the allegations contained in paragraph 120 because the Court has dismissed Plaintiffs' Fourteenth Amendment's Equal Protection Clause pursuant to Section 1983 based on sex discrimination. Dkt. 119.

121.   The District is not required to admit or deny the allegations contained in paragraph 121 because the Court has dismissed Plaintiffs' Fourteenth Amendment's Equal Protection Clause pursuant to Section 1983 based on sex discrimination. Dkt. 119.

122.   The District is not required to admit or deny the allegations contained in paragraph 122 because the Court has dismissed Plaintiffs' Fourteenth Amendment's Equal Protection Clause pursuant to Section 1983 based on sex discrimination. Dkt. 119.

123.   The District is not required to admit or deny the allegations contained in paragraph 123 because the Court has dismissed Plaintiffs' Fourteenth Amendment's Equal Protection Clause pursuant to Section 1983 based on sex discrimination. Dkt. 119.

124.   The District is not required to admit or deny the allegations contained in paragraph 124 because the Court has dismissed Plaintiffs' Fourteenth Amendment's Equal Protection Clause pursuant to Section 1983 based on sex discrimination. Dkt. 119.

125.   The District is not required to admit or deny the allegations contained in paragraph 125 because the Court has dismissed Plaintiffs' Fourteenth Amendment's Equal Protection Clause pursuant to Section 1983 based on sex discrimination. Dkt. 119.

126.   The District is not required to admit or deny the allegations contained in paragraph 126 because the Court has dismissed Plaintiffs' Fourteenth Amendment's Equal Protection Clause pursuant to Section 1983 based on sex discrimination. Dkt. 119.

127.   The District is not required to admit or deny the allegations contained in paragraph 127 because the Court has dismissed Plaintiffs' Fourteenth Amendment's Equal Protection Clause pursuant to Section 1983 based on sex discrimination. Dkt. 119.

128.   The District is not required to admit or deny the allegations contained in paragraph 128 because the Court has dismissed Plaintiffs' Fourteenth Amendment's Equal Protection Clause pursuant to Section 1983 based on sex discrimination. Dkt. 119.

129.   The District is not required to admit or deny the allegations contained in paragraph 129 because the Court has dismissed Plaintiffs' Title IX sex discrimination claim. Dkt. 119.

130.   The District is not required to admit or deny the allegations contained in paragraph 130 because the Court has dismissed Plaintiffs' Title IX sex discrimination claim. Dkt. 119.

131.   The District is not required to admit or deny the allegations contained in paragraph 131 because the Court has dismissed Plaintiffs' Title IX sex discrimination claim. Dkt. 119.

132.   The District is not required to admit or deny the allegations contained in paragraph 132 because the Court has dismissed Plaintiffs' Title IX sex discrimination claim. Dkt. 119.

133.   The District is not required to admit or deny the allegations contained in paragraph 133 because the Court has dismissed Plaintiffs' Title IX sex discrimination claim. Dkt. 119.

134.   The District is not required to admit or deny the allegations contained in paragraph 134 because the Court has dismissed Plaintiffs' Title IX sex discrimination claim. Dkt. 119.

135.    The District is not required to admit or deny the allegations contained in paragraph 135 because the Court has dismissed Plaintiffs' Title IX sex discrimination claim. Dkt. 119.

136.    The District is not required to admit or deny the allegations contained in paragraph 136 because the Court has dismissed Plaintiffs' Title IX sex discrimination claim. Dkt. 119.

137.    The District is not required to admit or deny the allegations contained in paragraph 137 because the Court has dismissed Plaintiffs' Title IX sex discrimination claim. Dkt. 119.

138.    The District is not required to admit or deny the allegations contained in paragraph 138 because the Court has dismissed Plaintiffs' Title IX sex discrimination claim. Dkt. 119.

139.    The District is not required to admit or deny the allegations contained in paragraph 139 because the Court has dismissed Plaintiffs' Title IX sex discrimination claim. Dkt. 119.

140.    The District is not required to admit or deny the allegations contained in paragraph 140 because the Court has dismissed Plaintiffs' Title IX sex discrimination claim. Dkt. 119.

141.    The District is not required to admit or deny the allegations contained in paragraph 141 because the Court has dismissed Plaintiffs' First Amendment claim pursuant to Section 1983 for Freedom of Expression. Dkt. 119.

142.   The District is not required to admit or deny the allegations contained in paragraph 142 because the Court has dismissed Plaintiffs' Title IX sex discrimination claim. Dkt. 119.

143.   The District is not required to admit or deny the allegations contained in paragraph 143 because the Court has dismissed Plaintiffs' Title IX sex discrimination claim. Dkt. 119.

144.   The District is not required to admit or deny the allegations contained in paragraph 144 because the Court has dismissed Plaintiffs' Title IX sex discrimination claim. Dkt. 119.

145.   The District is not required to admit or deny the allegations contained in paragraph 145 because the Court has dismissed Plaintiffs' Title IX sex discrimination claim. Dkt. 119.

146.   The District is not required to admit or deny the allegations contained in paragraph 146 because the Court has dismissed Plaintiffs' Title IX sex discrimination claim. Dkt. 119.

147.   The District is not required to admit or deny the allegations contained in paragraph 147 because the Court has dismissed Plaintiffs' Title IX sex discrimination claim. Dkt. 119.

148.   The District is not required to admit or deny the allegations contained in paragraph 148 because the Court has dismissed Plaintiffs' Title IX sex discrimination claim. Dkt. 119.

149.   The District is not required to admit or deny the allegations contained in paragraph 149 because the Court has dismissed Plaintiffs' Title IX sex discrimination claim. Dkt. 119.

150.   The District is not required to admit or deny the allegations contained in paragraph 150 because the Court has dismissed Plaintiffs' Title IX sex discrimination claim. Dkt. 119.

151.   The District is not required to admit or deny the allegations contained in paragraph 151 because the Court has dismissed Plaintiffs' Title IX sex discrimination claim. Dkt. 119.

152.   The District is not required to admit or deny the allegations contained in paragraph 152 because the Court has dismissed Plaintiffs' Title IX sex discrimination claim. Dkt. 119.

153.   The District is not required to admit or deny the allegations contained in paragraph 153 because the Court has dismissed Plaintiffs' Title IX sex discrimination claim. Dkt. 119.

154.   The District is not required to admit or deny the allegations contained in paragraph 154 because the Court has dismissed Plaintiffs' Title IX sex discrimination claim. Dkt. 119.

155.   The District is not required to admit or deny the allegations contained in paragraph 155 because the Court has dismissed Plaintiffs' Title IX sex discrimination claim. Dkt. 119.

156.    The District is not required to admit or deny the allegations contained in paragraph 156 because the Court has dismissed Plaintiffs' Title IX sex discrimination claim. Dkt. 119.

157.    The District is not required to admit or deny the allegations contained in paragraph 157 because the Court has dismissed Plaintiffs' Title IX sex discrimination claim. Dkt. 119.

158.    The complaint contains an unnumbered Prayer for Relief. Based on the depositions and discovery already conducted in this matter, as well as the Court's October 13, 2023, Order (Dkt. 119), the District denies the Plaintiffs are entitled to any relief.

159.    The complaint contains an unnumbered Jury Demand. The District admits Plaintiffs have requested a jury trial.

## AFFIRMATIVE AND OTHER DEFENSES

1.    The District had a lawful, legitimate, non-discriminatory, and non-retaliatory reason for each and every action it took.

2.    Plaintiffs fail to state a claim for which relief can be granted under all theories of liability.

3.    Plaintiffs cannot recover mental anguish damages under Title VI or Title IX, as a matter of law.

4.    Plaintiffs failed to mitigate their damages, if any.

## CONCLUSION AND PRAYER

The District prays Plaintiffs take nothing by their suit; that Plaintiffs' claims against the District be dismissed with prejudice; and that the District recovers its taxable costs of court, attorneys' fees, and any further relief entitled to it.

Respectfully submitted,

ROGERS, MORRIS, & GROVER, L.L.P.

JONATHAN G. BRUSH
State Bar No. 24045576
Fed. I.D. No. 619970
jbrush@rmgllp.com
AMY DEMMLER
State Bar No. 24092337
Fed. I.D. No.  3227731
ademmler@rmgllp.com
5718 Westheimer, Suite 1200
Houston, Texas 77057
Telephone:    713/960-6000
Facsimile:    713/960-6025

ATTORNEYS FOR TATUM ISD

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send electronic notification of such filing to all counsel of record.

Attorney for Tatum ISD

30