IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| M.T., a minor by and through his grandmother and next friend, EDWINA WOODLEY, et al., | § § § § | |
| Plaintiffs, | § § | |
| vs. | § § | C.A. NO.: 2:21-cv-00364 |
| TATUM UNIFIED SCHOOL DISTRICT, | § § § | |
| Defendant. | § | |

**PLAINTIFFS' OPPOSITION TO TATUM INDEPENDENT SCHOOL DISTRICT'S MOTION TO RECONSIDER THE PARTIAL DENIAL OF THE DISTRICT'S MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT (DKT. NO. 119)**

**I.      INTRODUCTION**

On the instant motion, TISD continues assert that causation under Section 1983 must be proven by the existence of a pattern.  This same exact argument was presented and rejected by the Court at Oral Argument on Defendant's Motion to Dismiss, at Oral Argument on Defendant's Motion for Summary Judgment, and again the Court specifically considered and rejected arguments on the issue of pattern and practice causation during the parties Pre-trial Hearing.  A motion for reconsideration is not "the proper vehicle for rehashing old arguments or advancing theories of the case that could have been presented earlier." *Resolution Trust Corp. v. Holmes*, 846 F.Supp. 1310, 1316 (S.D. Tex. 1994). "A motion for reconsideration based on recycled arguments serves only to waste the court's resources." *Carolina Ca. Ins. Co.,* 2007 WL 3129467, at *2 (*citing Texas Instruments, Inc. v. Hyundai Electronics Industries, Co. Ltd.*, 50 F.Supp.2d 619, 621 (E.D. Tex. 1999)).  Here the TISD motion is nothing more than recycled

1

pattern and practice causation arguments previously considered and properly rejected by the Court, supplemented by case law not presented nor argued at summary judgment.

"[R]ulings should only be reconsidered where the moving party has presented substantial reasons for reconsideration." *State of La. v. Sprint Communications Co.,* 899 F.Supp. 282, 284 (M.D.La.1995). A Defendant does not present substantial reasons for reconsideration, when it makes the same arguments it made in its summary judgment motion. *Picard v. Louisiana*, 931 F. Supp. 2d 731, 742 (M.D. La. 2013). Accordingly, a motion for reconsideration is not "the proper vehicle for rehashing old arguments or advancing theories of the case that could have been presented earlier." *Resolution Trust Corp. v. Holmes*, 846 F.Supp. 1310, 1316 (S.D. Tex. 1994). More importantly, new arguments that were not raised on summary judgment and are not proper grounds for reconsideration. *Wash ex rel. J.W. v. Katy Indep. Sch. Dist.*, 403 F. Supp. 3d 610, 621 (S.D. Tex. 2019). In light of the foregoing, Plaintiffs requests that the Court impose sanctions and conclude that TISD's Motion for Reconsideration was filed in bad faith for no other purpose than to increase the cost of litigation for the Plaintiffs and waste the court's resources.

## II. STATEMENT OF FACTS

On October 3, 2023, the Court heard Oral Arguments on Defendant TISD's Motion to Dismiss, Motion for Summary Judgment, and conducted a Pre-Trial Conference. At Oral Argument on Defendant's Motion to Dismiss, Defendant's counsel argued the issue of pattern and practice causation as follows:

> Similarly, they do not plead any pattern of prior
> disparate enforcement that would give rise to knowledge on
> the part of the Board. At best, the Plaintiffs contend
> that after the -- the students were disciplined and after
> they had been unenrolled from the school district, that
> they grieved the unenrollment to the Board, and thus the

> Board would have notice to the purported racially discriminatory practices.
>
> That argument is insufficient for several reasons. First, it occurs after the school district had already disciplined the students. So the Board could not have been on knowledge at the time if the Plaintiffs' argument is that they were informed only at these grievance hearings. So there's simply no causation there.
>
> Secondarily, the school district, in reviewing the grievance allegations, is merely hearing Plaintiffs' own complaints about their conduct. That's insufficient as a matter of law to state a pattern. We identify in the briefing that the Fifth Circuit imposes a very high pattern requirement. It requires sufficiently numerous instances of highly similar unconstitutional conduct to create a pattern. Otherwise, a Plaintiff would always be able to get over the Monell hurdle simply by after the fact providing notice to the policymaker of their injury. That would collapse Section 1983 into a font of vicarious liability, which is exactly what the Supreme Court and the Fifth Circuit have expressly rejected.
>
> So what the Plaintiffs are relying on is insufficient as a matter of law to establish a pattern for purposes of Monell. It's insufficient to establish the knowledge requirement or the causation requirement. Because of that, the Plaintiffs' race claims brought under Section 1983 fail as a matter of law. They fail to meet the Monell test.

(See Ex. A., 27:7-28-15). The Court considered and rejected Defendant's pattern and practice causation argument and denied Defendant's Motion to Dismiss.

At Oral Argument on Defendant's Motion for Summary Judgment, Defendant's counsel renewed Defendants argument on pattern and practice causation and argued in relevant part:

> They don't put on evidence of a prior pattern of alleged disparate enforcement, and, in fact, they don't put on evidence of disparate enforcement certainly not statistically significant evidence of disparate enforcement.

3

> THE COURT: So the argument, I think, is that the Plaintiff has to show some sort of a persistent widespread pattern or practice of highly similar -- I think that's the term -- highly similar unconstitutional behavior; is that right?
>
> MR. BRUSH: That is correct, Your Honor.

(See Ex. A., 55:7-17). Defendant's counsel further argued:

> The Fifth Circuit is quite clear, it's got to be evidence of a prior pattern. It can't be the Plaintiff's own injury. It has to be a sufficiently numerous prior pattern, and it can't be simply that the Plaintiff can say and go to the policymaker, I suffered this injury, because the policymaker wasn't on notice of the existence of its policy before the injury.
>
> To say simply that the Plaintiff giving notice of their own injury to the school board is sufficient to attach constitutional liability collapses the municipal liability framework into essentially a strict liability formulation that any time a Plaintiff says, I've been injured, the municipality is liable.

(See Ex. A., 56:5-17). The Court considered and rejected Defendant's pattern and practice causation argument and denied Defendant's Motion for Summary Judgment on Plaintiffs' Race Discrimination claims.

After hearing the respective parties' arguments at Summary Judgment, the Court took a brief recess and then stated in relevant part:

> Before we go on to the motions in limine and the other trial-related matters, Mr. Brush, I wanted to ask you a question following up on the argument you all have previously made.
>
> There is a -- sort of a pattern and practice argument that you all -- let me see if I can find -- a pattern and practice argument that has been made, in other words, the Plaintiffs' obligation, so to speak, to prove a -- I think the phrase is "persistent widespread pattern."

4

>MR. BRUSH: Yes, Your Honor.
>
>THE COURT: And I think, if I understood you correctly, one of the arguments that you made was that these two Plaintiffs, the -- these two students can't serve, so to speak, as the first two in that -- in that practice. There -- in other words, there have to have been previous instances of a pattern or practice. Is that your argument, and is there law that supports it, and if so, can you point me to where it is in your brief?
>
>MR. BRUSH: Yes, Your Honor. That is essentially the argument. The law require a prior -- a pattern of prior instances, because the purpose of the pattern is to give constructive notice to the policymaker. In other words, there have been so many occurrences of similar -- highly similar discrimination, that they're put on notice of the activities of the subordinates and the employees such that the unconstitutional actions can be said to be the policy of the school district.
>
>And to squarely answer the other question, yes, there is authority, and it's cited in the summary judgment motion on Page 17 -- beginning on Page 17. And those includes Burge versus St. Tammany Parish, Estate of Davis, Valle versus City of Houston, and Peterson versus City of Fort Worth.
>
>And so we quote language from Peterson versus City of Fort Worth that the prior instances must have occurred for so long or so frequently that the course of conduct warrants the attribution to the board of knowledge that the objectionable conduct is the expected accepted practice. And there is a subsequent Fifth Circuit decision, which I'm -- I don't see cited, but it expressly holds that you don't get to be your own pattern, that the first person out of the gate, you don't include the Plaintiff, you're -- or subsequent instances, you're looking at prior instances, which is consistent with the purpose of the pattern requirement which is to serve notice.

(See Ex. A., 94:4-95:24).  Mr. Brush further argued:

5

> MR. BRUSH: Yes, Your Honor.
> I think we do have a disagreement here between the parties. It is absolutely necessary to meet the pattern requirement when the Plaintiff is complaining of the actions of employees of the governmental entity. So if the Board -- in a hypothetical circumstance -- actually it doesn't even have to be hypothetical. Consider a situation where a school board takes direct action to make a determination on something, and this occurs in the context of teachers, teacher non-renewals.
>
> So to non-renew a teacher in the state of Texas, they are entitled to a hearing either before the school board or before an independent hearing officer. But if they take a school board hearing, then it's the school board's own action terminating their contract, and so we're looking directly at the action of the policymaker. In that instance, you don't need a pattern because the action is directly attributable to the policymaker.
>
> A pattern is required when the complained of conduct are the employees of the district or the governmental entity, and that's exactly what we have here. The complained of conduct is the purported disparate enforcement and enforcement of the policy by district employees. That requires a pattern.
>
> There is only one exception recognized by the Supreme Court to that requirement, and it's called the single-incident exception, and it's laid out in the Canton case. And in the single-incident exception, it's extremely narrow. The Court held that instead of circumstances where a governmental entity were to arm law enforcement officers and not train them on the constitutional limitations on the use of deadly force, it would be so obvious that constitutional violations would occur that you don't need a pattern. Otherwise, if you're complaining of the actions of governmental employees, a pattern is required.

(See Ex. A., 97:15-98:25).  After Mr. Brush's further explanation, the Court once again considered and rejected Defendant's pattern and practice causation argument and denied Defendant's Motion for Summary Judgment on Plaintiffs' Race Discrimination claims.

6

On November 7, 2023, Defendant filed a Motion for Reconsideration reasserting its rejected pattern and practice causation arguments. On November 8, 2023, Plaintiffs' Counsel asked Defendant's counsel to withdraw TISD's frivolous motion for reconsideration and stated in relevant part:

> The arguments regarding pattern and practice to support causation were considered and rejected by the Court at Oral Argument. Judge Schroeder directly asked you if you were arguing that the Plaintiffs in the instant action could not bring their claims unless someone had been discriminated before them. The absurdity of this position was clearly on display at oral argument.
>
> Furthermore, a motion for reconsideration is not "the proper vehicle for rehashing old arguments or advancing theories of the case that could have been presented earlier." *Resolution Trust Corp. v. Holmes*, 846 F.Supp. 1310, 1316 (S.D. Tex. 1994). "A motion for reconsideration based on recycled arguments serves only to waste the court's resources." *Carolina Ca. Ins. Co.*, 2007 WL 3129467, at *2 (citing *Texas Instruments, Inc. v. Hyundai Electronics Industries, Co. Ltd.*, 50 F.Supp.2d 619, 621 (E.D. Tex. 1999)).

(See McCoy Decl., Ex. B)

On November 9, 2023, Defendants' Counsel stated in relevant part:

> While you may disagree with the District's legal position, the District's motion does not present recycled arguments. Rather, it directly responds to the Court's reasoning articulated in the order. A motion that responds to the Court's reasoning – which had not been articulated when the District moved to dismiss and for summary judgment – cannot possibly present a recycled argument.
>
> In this particular instance, the District's arguments primarily address the causation standard the Court employed. The District believes that the Court employed the wrong causation standard as a matter of law. To the extent that the parties proceed to trial based on an incorrect causation standard, there would be reversible error in any judgment plaintiffs might receive. *See, e.g., Davis v. Ector Cnty.*, 40 F.3d 777, 786 (5th Cir. 1994) (reversing jury's verdict in whistleblower action because the court employed the wrong causation standard). As the cases you cite make clear (although they interpret motions under Rule 59, not 54), a motion for reconsideration that seeks to correct manifest errors of law is proper. *Tex. Instruments, Inc. v. Hyundai Electronics Indus., Co.*, 50 F. Supp. 2d 619, 621 (E.D. Tex. 1999) ("Motions

7

> for reconsideration 'serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'"). And the District's motion seeks to correct an error of law. What is more, as I explained below, a Rule 54 motion for reconsideration is not so narrowly cabined as a Rule 59 or 60 motion. *See Six Dimensions, Inc. v. Perficient, Inc.*, 969 F.3d 219 (5th Cir. 2020). Analyzed under either standard – Rule 54's more permissive standard or the more restrictive standard of Rule 59 – the District's motion is proper. If you have contrary controlling authority, please provide it to us.

(Id.)

Later that day Plaintiffs' Counsel continued to meet and confer with TISD's counsel and stated:

> I have always maintained that TISD's Motion for Reconsideration is substantively improper. To establish a manifest error of law or fact, as TISD assert in its Motion, the moving party must cite controlling law or evidence that directly and indisputably conflicts with the Court's analysis demonstrating that the court disregarded controlling law or facts in the record. *Rodriguez v. Bank of Am., N.A.*, No. SA-12_CV-905-DAE, 2013 U.S. Dist. LEXIS 157260, at *5 (W.D. Tex. 2013). TISD's motion does not demonstrate that the trial court disregarded controlling authority. This is the death knell to your motion as TISD does not allege that it presented controlling authority to the Court which was subsequently ignored by the Court.
>
> As I stated previously, a motion for reconsideration is not "the proper vehicle for rehashing old arguments or advancing theories of the case that could have been presented earlier." *Resolution Trust Corp. v. Holmes*, 846 F.Supp. 1310, 1316 (S.D. Tex. 1994). "A motion for reconsideration based on recycled arguments serves only to waste the court's resources." Carolina Ca. Ins. Co., 2007 WL 3129467, at *2 (*citing Texas Instruments, Inc. v. Hyundai Electronics Industries, Co. Ltd.*, 50 F.Supp.2d 619, 621 (E.D. Tex. 1999)).
>
> In light of the foregoing, the Court is compelled to impose sanctions and Plaintiff will seek sanctions, if TISD does not withdraw its motion before the close of business today. TISD continues to mischaracterize the Court's prior decisions, present arguments that are not properly before the Court and are duplicative, and, finally, resort to baseless allegations of impropriety. The Court can only conclude that TISDs Motion for Reconsideration was filed in bad faith for no other purpose than to increase the cost of litigation for the Plaintiffs. Plaintiffs will request that TISD's counsel shall personally reimburse Plaintiffs for the costs of responding to TISDs motion for reconsideration.

(Id.). TISD counsel refused to withdraw TISD's frivolous motion for reconsideration.

### III. LAW AND ARGUMENT

#### A. Legal Standard For Motions For Reconsideration

When deciding motions under Rule 54(b), district courts do not look to Rule 59(e) manifest error standard. *See WorkSTEPS, Inc. v. ErgoScience, Inc.*, 88 F. Supp. 3d 752, 758 (W.D. Tex. 2015). Accordingly, Rule 54 motions "'serve[s] the narrow purposes of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)).

Therefore, Rule 54(b) motions are not the proper vehicle for the reconsideration of evidence, legal theories, or arguments. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). Reconsideration under Rule 54(b) instead "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). It is well settled that motions for reconsideration should not be used to re-urge matters already advanced by a party. *Southern Snow Mfg. Co., Inc. v. SnoWizard Holdings, Inc.*, 921 F.Supp.2d 548, 565 (E.D. La. 2013). Furthermore, courts should exercise their power to reconsider Ordes "sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays," which disserve the interests of justice. *Ha Thi Le v. Lease Fin. Grp., LLC*, No. 16-14867, 2017 WL 2911140, at *2 (E.D. La. July 7, 2017) (Africk, J.) (quoting *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at *3 (E.D. La. Apr. 5, 2010).

### B. Motions For Reconsideration Cannot Be Based On Arguments that Could Have Been Presented Earlier

A motion for reconsideration is not "the proper vehicle for rehashing old arguments or advancing theories of the case that could have been presented earlier." *Resolution Trust Corp. v. Holmes*, 846 F.Supp. 1310, 1316 (S.D. Tex. 1994). More importantly, new arguments that were not raised on summary judgment and are not proper grounds for reconsideration. *Wash ex rel. J.W. v. Katy Indep. Sch. Dist.*, 403 F. Supp. 3d 610, 621 (S.D. Tex. 2019).

On the instant motion, TISD argues that the holdings of *Coggin v. Longview Independent School District*, 289 F.3d 326, 336 (5th Cir. 2002), *Wyatt v. Kilgore*, No. 6:10-CV-674, 2011 WL 6016467, at *9 n.4 (E.D. Tex. Nov. 30, 2011), *Doe v. Leander Independent School District* No. 1:20-CV-00408-LY, 2020 WL 13833132 at *9 (W.D. Tex. Dec. 22, 2020), *Grandstaff v. City of Borger*, 767 F.2d 161 (5th Cir. 1985), *Samuel v. City of Houston*, No. 4:22-CV-02900, 2023 WL 6444888, at *8, *Covington v. City of Madisonville*, 812 F. App'x 219, 228 (5th Cir. 2020), *Feliciano v. City of Cleveland*, 988 F.2d 649, 656 n.6 (6th Cir. 1993), *Bradford v. City of Tatum*, No. 6:22-CV-00406-JDK, 2023 WL 3432185, at *6 (E.D. Tex. Mar. 8, 2023), *Blanchard-Daigle v. Geers*, 802 F. App'x 113, 117-18 (5th Cir. 2020), *Clayton ex rel. Hamilton v. Tate Cnty. Sch. Dist.*, 560 F. App'x 293, 297 (5th Cir. 2014), *Jackson v. Katy Indep. Sch. Dist.*, 951 F. Supp. 1293, 1298-99 (S.D. Tex. 1996), *Knighton v. Univ. of Tex. at Arlington*, No. 4:18-CV-00792-P-BP, 2021 WL 9881105, at *4 (N.D. Tex. May 24, 2021), and *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 299-300 (3d Cir. 2014) are relevant to the disposition of this case. However, *Coggin, Wyatt, Doe, Grandstaff, Samuel, Covington, Feliciano, Bradford, Blanchard-Daigle, Clayton, Jackson, Knightno,* and *Blunt,* were not raised in TISD's Moving Papers nor Reply on Summary Judgment. *See John Deere Co. v. Am. Nat'l Bank, Stafford*, 809 F.2d 1190, 1192 (5th Cir. 1987) (holding that it is error for court to grant summary judgment on ground not properly

10

raised). Furthermore, Defendant's counsel did not address *Coggin, Wyatt, Doe, Grandstaff, Samuel, Covington, Feliciano, Bradford, Blanchard-Daigle, Clayton, Jackson, Knightno,* and *Blunt,* at Oral Argument on Summary Judgment, nor at the Pre-Trial consideration of pattern and practice causation arguments. This same argument applies equally to TISD's citation of *Piotrowski v. City of Houston,* 237 F.3d 567, 578 (5th Cir. 2001), *Johnson v. Moore*, 958 F.2d 92, 93 (5th Cir. 1992), *Rivera v. Hous. Indep. Sch. Dist.*, 349 F.3d 244, 247 (5th Cir. 2003).

### C. It is Bad Faith Conduct To Bring A Motion For Reconsideration Based on Arguments Already Presented To The Court

"A motion for reconsideration based on recycled arguments serves only to waste the court's resources." *Carolina Ca. Ins. Co.,* 2007 WL 3129467, at *2 (*citing Texas Instruments, Inc. v. Hyundai Electronics Industries, Co. Ltd*., 50 F.Supp.2d 619, 621 (E.D. Tex. 1999)). TISD rehashes in bad faith arguments presented and rejected by the Court at Summary Judgment. (See rehashed citations to *Jett v. Dall. Indep. Sch. Dist.*, 7 F.3d 1241, 1245 (5th Cir. 1993), *Valle v. City of Houston*, 613 F.3d 536, 548 (5th Cir. 2010), *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 850, *Eugene v. Alief Indep. Sch. Dist.*, 65 F.3d 1299, 1304 (5th Cir. 1995), *Burge v. St. Tammany Parish*, 336 F.3d 363, 370 (5th Cir. 2003), *Estate of Davis v. City of N. Richland Hills*, 406 F.3d 375, 382-85 (5th Cir. 2005), *Rollerson v. Brazos River Harbor Navigation Dist.*, 6 F.4th 633, 639 (5th Cir. 2021), *Fennell v. Marion Indep. Sch. Dist.*, 804 F.3d 398, 408 (5th Cir. 2015), *Rodgers v. Smith*, 842 F. App'x 929, 929 (5th Cir. 2021), *Jones v. City of Detroit*, 20 F.4th 1117, 1121 (6th Cir. 2021), and *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994) which TISD asserted establishes a pattern of prior, highly similar incidents is necessary to show both a customary policy and deliberate indifference.) However, the Court correctly previously determined that these cases does not support dismissal of Plaintiffs' race claims.

### IV. CONCLUSION

11

Based on the foregoing TISD was not substantially justified in brining motion for reconsideration and Plaintiffs' request sanctions as a motion for reconsideration is not "the proper vehicle for rehashing old arguments or advancing theories of the case that could have been presented earlier." *Resolution Trust Corp. v. Holmes*, 846 F.Supp. 1310, 1316 (S.D. Tex. 1994). "A motion for reconsideration based on recycled arguments serves only to waste the court's resources." *Carolina Ca. Ins. Co.,* 2007 WL 3129467, at *2 (*citing Texas Instruments, Inc. v. Hyundai Electronics Industries, Co. Ltd*., 50 F.Supp.2d 619, 621 (E.D. Tex. 1999)).

Based on the above, Plaintiffs respectfully request the Court grant sanctions against TISD, and TISD's counsel for filing the instant frivolous motion for reconsideration to reimburse Plaintiffs their reasonable expenses of $2250 for opposing the motion and grant any additional or further relief the Plaintiffs are entitled to.

Respectfully submitted,

*Waukeen McCoy*
_____
Law Office of Bradley Steele
Brad Steele
State Bar No. 19099350
*brad@bradsteelelaw.com*
1101 Judson Road
Longview, Texas 75601
Telephone: 903/234-8844
Facsimile: 903/234-8848

Waukeen McCoy
*mail@mccoyslaw.com*
California Bar No. 168228
111 Maiden Lane, 6th Floor
San Francisco, CA 94108
Telephone: 415/675-7705
Facsimile: 415/675-2530
*Admitted Pro hac Vice

13

ATTORNEYS FOR PLAINTIFFS

ATTORNEYS FOR PLAINTIFFS