IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| M.T., a minor by and through his grandmother and next friend, EDWINA WOODLEY, et al., | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | C.A. NO.: 2:21-cv-00364 |
| TATUM UNIFIED SCHOOL DISTRICT, | § § | |
| Defendant. | § | |

**TATUM INDEPENDENT SCHOOL DISTRICT'S MOTION TO RECONSIDER THE PARTIAL DENIAL OF THE DISTRICT'S MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT (DKT. NO. 119) REPLY**

Plaintiffs don't make any effort to respond to the substance of the District's motion for reconsideration. Instead, Plaintiffs raise procedural arguments that are simply wrong. And, proceeding from their erroneous procedural arguments, Plaintiffs claim the District's motion was brought in bad faith. Once the Court disposes of Plaintiffs' misguided procedural arguments, the motion for reconsideration is functionally unopposed. What is more, review of the District's motion and the governing legal standard reveals that Plaintiffs' request for sanctions is baseless.

***A. Plaintiffs offer a cherry-picked selection of excerpts from the transcript of the oral hearing on the District's dispositive motions and the parties' email exchange to support their arguments; the full picture tells a different story.***

Plaintiffs devote the lion's share of their response to block quotations of the transcript of the hearing and portions of an email exchange between the parties' counsel (both in the motion and Exhibit B to Plaintiffs' response, which omits the beginning and

end of the email exchange). Dkt. 123 at 2-8. The whole transcript is in the Court's possession and the District will not belabor its contents. *See* Dkt. 117. In the District's motion for reconsideration, the District pointed to many of the same relevant portions of the transcript. *E.g.*, Dkt. 122 at 2-3.

The email exchange is different. To provide context, the District attaches the whole exchange because it reveals Plaintiffs tried several different arguments – each of which was wrong – in an effort to pressure the District to withdraw its motion. *See* November 8 and 9, 2023 Email correspondence, attached as Exhibit A. Most notably, Plaintiffs threatened sanctions without justification, much less substantial justification. *Id.* Admittedly, attorneys (and the occasional court) sometimes misunderstand the motion for reconsideration standards. The District does not fault Plaintiffs for misunderstanding the standards in their initial email. But the attached email exchange reveals that the undersigned provided Plaintiffs with citations to controlling, directly adverse authority demonstrating the argument Plaintiffs present to the Court is simply wrong. *Id.* Despite being in possession of that controlling, directly adverse authority, Plaintiffs make no mention of it in their submission to this Court. *Compare* Dkt. 123, *with* Exh. A (citing dispositive Fifth Circuit authority). That omission is telling as it sets the stage for Plaintiffs' incorrect arguments and baseless request for sanctions.

***B. Plaintiffs offer the Court the wrong governing legal standard and, in doing so, invite the Court to abuse its discretion.***

The District's motion for reconsideration seeks reconsideration of this Court's interlocutory summary judgment order and, as such, it is governed by Federal Rule of Civil

Procedure 54. *See* Fed. R. Civ. P. 54(b); *see also* Dkts. 119, 122. Plaintiffs claim "Rule 54 motions 'serve[s] the narrow purposes of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" Dkt. 123 at 9 (internal punctuation in original and citing *Templet v. HydroChem., Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989))). But the cases Plaintiffs cite aren't Rule 54 cases; they are Rule 59 cases.

And the Fifth Circuit has confirmed Rule 54 governs motions for reconsideration of interlocutory orders. *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017); *see also Brunning v. Attmore*, 2022 WL 885123, at *2 (5th Cir. Mar. 25, 2022) (noting that the district court erred and applied the wrong standard by analyzing a motion to reconsider an interlocutory order under Rule 59); *Oracle Oil, LLC v. EPI Consultants*, 391 F. Supp. 3d 634, 636 & n.3 (E.D. La. 2019) (exercising authority *sua sponte*). "Under Rule 54(b), the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Six Dimensions, Inc. v. Perficient, Inc.*, 969 F.3d 219 (5th Cir. 2020) (quoting *Austin*, 864 F.3d at 336); *see also Cabral v. Brennan*, 853 F.3d 763, 766 (5th Cir. 2017). That's not surprising as that's exactly what the plain text of Rule 54 provides. *See* Fed. R. Civ. P. 54(b). In fact, in *Austin*, the Fifth Circuit held a district court abused its discretion when it denied a Rule 54 motion by applying the strictures of Rule 59. *See Austin*, 864 F.3d at 336. *Austin* is controlling, directly adverse authority on this point. Despite being aware of it, Plaintiffs fail to disclose it to the Court. *See* Exh. A (detailing the governing legal standard, citing *Austin*, *Cabral*, and other cases).

Just this year, Magistrate Judge Payne of the Marshall Division of the Eastern District of Texas cited *Austin* in a decision granting a motion for reconsideration of a summary judgment ruling, writing that "[w]hen considering a motion for reconsideration of an interlocutory order, the Fifth Circuit has instructed district courts to apply the Fed. R. Civ. P. 54(b) standard of review." *Riley v. Christus Health*, 2023 WL 2564330, at *3 (E.D. Tex. Mar. 16, 2023) (alteration added). Judge Payne then noted that, as the text of the Rule itself says, the court is free to reconsider and reverse its prior decision for any reason it deems sufficient. *See id*. Thus, both controlling authority and recent authority from the very district and division in which this suit is pending demonstrates that Plaintiffs offer the Court the wrong legal standard.

Because the contrary authority Plaintiffs cite to the Court either interprets Rule 59 or predates the Fifth Circuit's pronouncements in *Six Dimensions, Austin,* and *Cabral,* it should be disregarded. And the Court should decline Plaintiffs' invitation to err by applying the wrong legal standard.

***C. The District's motion for reconsideration is not simply a rehash of old arguments – it directly responds to the Court's analysis.***

The meat of Plaintiffs' argument rests on the misguided claim that the District's motion for reconsideration simply rehashes old arguments. Dkt. 123 at 10-11. Like the Plaintiffs' presentation of the governing legal standard, this argument, too, is wrong. The District's motion for reconsideration directly addresses the Court's causation analysis set forth in its Order on the District's dispositive motions. *Compare* Dkts. 119, 124, *with* Dkt. 122. As a matter of simple logic, the District's dispositive motions could not possibly have

addressed the Court's as-yet unarticulated causation analysis. That's enough to put Plaintiffs' claim that the District is recycling arguments to rest.

Next, Plaintiffs repeatedly argue that the Court has already rejected the District's argument. *See generally* Dkt. 123. While mistaken as a matter of fact – given that the District's motion addresses the Court' reasoning – Plaintiffs miss the mark. A motion for reconsideration, by its very nature, must ask the Court to revisit an issue it has already decided. Under Plaintiffs' reasoning, motions for reconsideration are inherently frivolous. Of course, this can't be right as both the Federal Rules and this Court's own rules contemplate motions for reconsideration. Fed. R. Civ. P. 54(b); E.D. Tex. Loc. R. 7(a)(4), (i); *see also Riley*, 2023 WL 2564330, at *3.

In any event, review of the District's motion shows that it primarily addressed the causation standard the Court employed, which the District believes was the wrong causation standard as a matter of law. *See generally* Dkt. 122. To the extent that the parties proceed to trial based on an incorrect causation standard, there would be reversible error in any judgment Plaintiffs might receive, and, of course, the District would have to object to the jury charge to preserve error, meaning the Court will have to revisit this issue anyway. *See, e.g.*, *Davis v. Ector Cnty.*, 40 F.3d 777, 786 (5th Cir. 1994) (reversing jury's verdict in whistleblower action because the court employed the wrong causation standard). Even if Rule 59, not 54, applied – and controlling authority makes plain it doesn't – a motion for reconsideration that seeks to correct manifest errors of law is proper. *Tex. Instruments, Inc. v. Hyundai Electronics Indus., Co.*, 50 F. Supp. 2d 619, 621 (E.D. Tex. 1999) ("Motions for reconsideration [under Rule 59] 'serve the narrow purpose of allowing

a party to correct manifest errors of law or fact or to present newly discovered evidence.'") (alteration added). And the District's motion seeks to correct an error of law. Thus, analyzed under either standard – Rule 54's more permissive standard or the more restrictive standard of Rule 59 – the District's motion is proper.

Plaintiffs' argument that the District's motion is a rehash because it both cites new cases and cases already cited is confusing at best. In responding to the Court's analysis, the District was compelled to cite both new authority squarely addressing the Court's causation analysis and old authority reiterating its position as to the proper analysis. It's not possible to formulate a motion for reconsideration any other way.

In sum, far from being improper, the District's motion for reconsideration is exactly the sort that this Court's Local Rules expressly contemplate. *See* E.D. Tex. Local Rule 7(a)(4) ("(4) **Motions to Reconsider**. Motions to reconsider must specifically state the action and the docket sheet document number to be reconsidered in the title of the motion (e.g., "Motion to Reconsider Denial of Motion for Partial Summary Judgment (dkt # x)"); (i) (exempting motions for reconsideration from the certificate of conference requirements). It is difficult to square Plaintiffs' arguments with this Court's Local Rules that expressly permit motions for reconsideration – and that give as an example a motion to reconsider the denial of a dispositive motion. Put simply, Plaintiffs' "recycle" argument is wrong.

***D. Having failed to respond to the substance of the authority cited in the District's motion for reconsideration, the District's legal argument is unopposed and the Court should grant the motion for reconsideration.***

Failing to defend against an argument, concedes it. E.D. Tex. Loc. R. 7(d); *U.S. v. Bancroft*, 2008 WL 2783503, at *1 (E.D. Tex. May 23, 2008) (citing Eastern District of Texas Local Rule 7(d)); *see also Taylor v. Hinds Cnty. Dep't of Human Servs.*, 2013 WL 5406485, at *6 (S.D. Miss. Sept. 25, 2013) ("In light of the plaintiff's failure to respond to certain arguments raised by the defendants, she concedes them."). And, by making the strategic choice to rely exclusively on misguided procedural arguments, Plaintiffs have conceded the merits of the District's motion. Accordingly, as there is nothing substantive to reply to, the District re-urges the now unopposed arguments in its motion and the Court should grant the District's motion for reconsideration.

***E. The District's motion was not brought in bad faith – to the contrary, it is Plaintiffs' request for sanctions that rests on an improper basis.***

Plaintiffs open and close their response by arguing the District's motion for reconsideration was brought in bad faith and should be met with sanctions. Dkt. 123 at 1-2, 11-12. Plaintiffs' request for sanctions is, itself, made in bad faith. As demonstrated above, the District's motion is proper. And, as the email correspondence in Exhibit A makes clear, Plaintiffs' counsel first threatened sanctions on an inapplicable basis (the mistaken belief that Rule 59's 10-day deadline applied), then shifted to an argument based on the wrong law (the mistaken belief that Rule 59's strictures apply) and continued to threaten sanctions. At each turn, the undersigned provided Plaintiffs' counsel with citations to controlling, directly adverse authority supporting the District's position. *See* Exh. A.

Plaintiffs' counsel has not, neither in the attached email exchange nor in the response to the motion for reconsideration filed in this Court, attempted to distinguish, respond to, or cite the controlling, directly adverse authority identified by the District. *See* Exh. A; *see* Dkt. 123. That reveals the meritless nature of Plaintiffs' request for sanctions.

**CONCLUSION AND PRAYER**

Tatum Independent School District requests the Court grant its motion for reconsideration; grant the District's motions to dismiss and for summary judgment in full; deny Plaintiffs' request for sanctions; dismiss all claims against the District with prejudice; and grant any other relief the District is entitled to.

Respectfully submitted,

ROGERS, MORRIS, & GROVER, L.L.P.

/s/ Jonathan G. Brush

JONATHAN G. BRUSH
State Bar No. 24045576
Fed. I.D. No. 619970
jbrush@rmgllp.com
AMY DEMMLER
State Bar No. 24092337
Fed. I.D. No. 3227731
ademmler@rmgllp.com
5718 Westheimer, Suite 1200
Houston, Texas 77057
Telephone: 713/960-6000
Facsimile: 713/960-6025

ATTORNEYS FOR TATUM ISD

**CERTIFICATE OF SERVICE**

I hereby certify that on November 29, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send electronic notification of such filing to all counsel of record.

Attorney for Tatum ISD