IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| M.T., a minor by and through his grandmother and next friend, EDWINA WOODLEY, et al., | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | C.A. NO.: 2:21-cv-00364 |
| TATUM UNIFIED SCHOOL DISTRICT, | § § § | |
| Defendant. | § § | |

**JOINT STATUS REPORT**

Plaintiffs M.T., a minor by and through his grandmother and next friend Edwina Woodley, and K.C., a minor by and through his mother and next friend Kambry Cox, and Defendant Tatum Independent School District (the District) (collectively, the Parties) file this Joint Status Report, as follows:

1. On October 13, 2023, the Court reset the trial in this matter for February 12, 2024, and ordered the Parties to file a joint status report outlining any outstanding issues to be resolved before trial. *See* Dkt. 120.

2. The District believes that the additional Pretrial Conference, set for January 11, 2024, is necessary, specifically to address and obtain rulings on the following outstanding issues. Plaintiffs disagree, as noted below.

  a. The District's Motion to Reconsider the Partial Denial of the District's Motion to Dismiss and Motion for Summary Judgment. *See* Dkt. Nos. 122-24.

    i. Plaintiffs believe that Defendant's Motion for Reconsideration does not require a further pre-trial conference.

 b. Plaintiffs' Motion to Reconsider Sanctions. *See* Dkt. Nos. 63, 77, 80.

    i. Plaintiffs believe that Plaintiff's Motion for Reconsideration does not require a further pre-trial conference.

 c. The District's Motion for Recoverable Costs. *See* Dkt. Nos. 78, 90-91.

    i. Plaintiffs believe that Defendant's Motion for Recoverable cost does not require a further pre-trial conference.

 d. Plaintiffs' Objections to the District's Exhibit List. *See* Dkt. Nos. 93, 100, 102.

    i. The parties have already discussed their respective positions on Plaintiff's Objections to the District's Exhibit List and Plaintiffs believe that a further pre-trial conference is not necessary for this issue.

 e. The District's Objections to Plaintiffs' Exhibit List. *See* Dkt. Nos. 93, 97, 106.

    i. The parties have already discussed their respective positions on District's Objections to the Plaintiffs'

          Exhibit List and Plaintiffs believe that a further pre-trial conference is not necessary for this issue.

f.      The District's Objections to Plaintiffs' Witness List. *See* Dkt. Nos. 96, 114-115.

        i.   The parties have already discussed their respective positions on the District's Objections to the Plaintiffs' Witness List and Plaintiffs believe that a further pre-trial conference is not necessary for this issue.

g.     The applicability of the Texas CROWN Act. *See* Dkt. Nos. 116, 118.

        i.   This matter has been fully briefed by the parties and Plaintiffs believe that a further pre-trial conference is not necessary for this issue.

h.     The District's Objections to Plaintiffs' use of deposition excerpts to be read or played during opening statements or trial. *See* Dkt. No. 93 at Part K.

        i.   The parties have already discussed their respective positions on the District's Objections to Plaintiffs' use of deposition excerpts to be read or played during opening statements or trial. Plaintiffs believe that a further pre-trial conference is not necessary for this issue.

i.      The Parties' Proposed Jury Instructions. *See* Dkt. No. 98.

                i. The parties agree to meet and confer and file an Amended Joint Proposed Jury Instructions by January 26, 2024.

        j.      The length of trial. *See* Dkt. No. 93 at Part J.

                i. Plaintiffs suggested 3-4 day jury trial. The District believes the Court is yet to rule on the length of trial but believes it should be 2 days.

      3.      Plaintiffs disagree that the January 11, 2024, Pretrial Conference is necessary. Plaintiffs request that if the Court schedules a second pre-trial conference that lead attorney Waukeen McCoy be allowed to attend the pre-trial conference via telephone or videoconference. The District does not oppose Mr. McCoy appearing via telephone or videoconference.

Respectfully submitted,

| | |
|---|---|
| LAW OFFICE OF BRADLEY STEELE | ROGERS, MORRIS, & GROVER, L.L.P. |
| /s/ Waukeen McCoy<br>By Permission – Amy Demmler<br>_____<br>BRAD STEELE<br>LAW OFFICE OF BRADLEY STEELE<br>Texas Bar No. 19099350<br>1101 Judson Road<br>Longview, Texas 75601<br>Telephone: 903/234-8844<br>Facsimile: 903/234-8848<br>Email: brad@bradsteelelaw.com<br><br>WAUKEEN McCOY<br>California Bar No. 168228<br>111 Maiden Lane, 6th Floor<br>San Francisco, CA 94108<br>Telephone: 415/675-7705<br>Facsimile: 415/675-2530<br>Email: mail@mccoyslaw.com<br>\*Admitted *Pro hac Vice*<br><br>ATTORNEYS FOR PLAINTIFFS | _____<br>JONATHAN G. BRUSH<br>State Bar No. 24045576<br>Fed. I.D. No. 619970<br>jbrush@rmgllp.com<br>AMY DEMMLER<br>State Bar No. 24092337<br>Fed. I.D. No. 3227731<br>ademmler@rmgllp.com<br>5718 Westheimer, Suite 1200<br>Houston, Texas 77057<br>Telephone: 713/960-6000<br>Facsimile: 713/960-6025<br><br>ATTORNEYS FOR TATUM ISD |

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 4, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send electronic notification of such filing to all counsel of record.

_____
Attorney for Tatum ISD