IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| M.T., a minor by and through his grandmother and next friend, EDWINA WOODLEY, et al., § § § Plaintiffs, § § vs. § TATUM UNIFIED SCHOOL DISTRICT, § § Defendant. § | C.A. NO.: 2:21-cv-00364 |

**PLAINTIFFS' FURTHER BRIEFING ON TISD'S MOTION FOR SUMMARY JUDGMENT**

The Court requested that the parties submit additional briefs to clarify whether TISD's hair and grooming policy was indeed the "moving force" in the Plaintiffs' removal from TISD. Specifically, the Court asked the parties to address the holdings in *Wyatt v. Kilgore*, No. 6:10-CV-674, 2011 WL 6016467, at *9 n.4 (E.D. Tex. Nov. 30, 2011) and *Doe v. Leander Independent School District* No. 1:20-CV-00408-LY, 2020 WL 13833132 at *9 (W.D. Tex. Dec. 22, 2020), on this issue.

Initially, *Wyatt, and Doe,* cannot support a TISD's Motion for Summary Judgment because both cases were not addressed in TISD's Moving Papers nor in TISD's Reply on Summary Judgment. *See John Deere Co. v. Am. Nat'l Bank, Stafford*, 809 F.2d 1190, 1192 (5th Cir. 1987) (holding that it is error for court to grant summary judgment on ground not properly raised). If somehow the Court overlooks the procedural deficiencies in Defendant's Motion for Reconsideration *Wyatt* and *Doe* do not support granting TISD's Motion for Summary Judgment.

In *Wyatt*, the Plaintiff alleged:

> the Coaches were acting in accordance with an official policy promulgated by the KISD Board requiring teachers to disclose students' sexual orientation to their parents. *See* RESPONSE at 11-12. According to Plaintiff, this policy was **unwritten** prior to the March 3 incident but was "put in writing" by Superintendent Clements' written response to Ms. Wyatt's Level Two grievance. *Id.* at 12. This, in turn, was ratified by the School Board without opinion, which Plaintiff argues "confirms the existence of a facially unconstitutional policy . . . ." RESPONSE at 14-15. Plaintiff also argues that the Board's ruling on the Level Three grievance is separately sufficient to establish the existence of an official policy.

*Wyatt v. Kilgore Indep. Sch. Dist.*, CIVIL ACTION No. 6:10-cv-674, at *16-17 (E.D. Tex. Nov. 30, 2011) (**emphasis added**). Unlike the Plaintiff in *Wyatt*, in the instant action the Plaintiffs are alleging that the TISD Board created and implemented a **written** policy that allowed for discriminatory treatment of African American students.

As the Court explained in *Wyatt*, even if an unwritten policy forms the basis of a Plaintiff's claims, "the Fifth Circuit has held that a school Board of Trustees' single action constitutes a 'policy' attributable to the school district potentially exposing the district to liability under § 1983. *See Gonzalez v. Ysleta Independent School District,* 996 F.2d at 754 ('The Board's decision . . . represents a final' action by the entity charged with making and executing policy within the school district"). *Wyatt v. Kilgore Indep. Sch. Dist.*, CIVIL ACTION No. 6:10-cv-674, at *16 (E.D. Tex. Nov. 30, 2011).

More importantly, as the Court explained in *Wyatt*, when denying defendant's motion for summary judgment in its entirety, "the ultimate determination of liability rests on unresolved questions of fact that are better left to the trier of fact and prevent the Court from making a determination on municipal liability at this time." *Wyatt v. Kilgore Indep. Sch. Dist.*, CIVIL ACTION No. 6:10-cv-674, at *16 (E.D. Tex. Nov. 30, 2011).[1]

---

[1] "[W]hether KISD has a policy requiring staff to disclose students' sexual orientation to their parents ultimately rests on the credibility of Superintendent Clements and Mr. George. Although Defendants' claim that it is KISD's policy not to disclose confidential information, Defendants nevertheless argue that

*Doe v. Leander Independent School District* No. 1:20-CV-00408-LY, 2020 WL 13833132 at *9 (W.D. Tex. Dec. 22, 2020) is another case wherein the Plaintiff's claims do not involve the enforcement of an official written policy. Again, in the instant action the Plaintiffs are asserting a formal written TISD policy was the moving force in their discriminatory removal from TISD. In *Doe*, the Plaintiff alleged that she was repeatedly sexually assaulted by Student A, also a kindergarten student in her class. The Plaintiff further alleged that following LISD's investigation and allegedly deficient actions, she filed a formal level one grievance with LISD, seeking protection for Plaintiff and objecting to her victimization, the improper investigation, and the refusal to conduct "a sexual assault investigation." Id. at. 17

Citing *Piotrowski v. City of Houston,* 237 F.3d 567, 578 (5th Cir. 2001), the Court in *Doe,* held that "to state a Section 1983 claim against LISD, Plaintiff must allege facts capable of proving "three elements: a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Id.* The Court in Doe then explained the flaws in Plaintiff's claims:

> First Plaintiff alleges the Board – the unquestioned final policymaker –created an informal "policy or custom" by "[deny]ing the grievance . . . ultimately presented to the Board." Dkt. #22 at 14. Because this is an allegation that the alleged "official policy" was created by the Board's denial of the grievance, Plaintiff does not allege "**a formally adopted policy** . . . [that] was the 'moving force' behind the alleged constitutional violations." *A.W.*, 25 F. Supp. 3d at 973. Rather, Plaintiff argues the alleged constitutional violation, the Board's denial of the grievance, was the "moving force" behind the adoption of the "official policy." This argument reverses the requirements for Section 1983 municipal liability.

---

it is their policy to disclose to parents when their minor children are in relationships with "adults." Despite this policy, KISD or its staff has never reported to parents when sixteen year old students have heterosexual relationships with eighteen year olds. Thus, because the determination of whether or not KISD has a policy requiring the disclosure of students' sexual orientation would require the Court to evaluate the credibility of Defendants' witnesses, summary judgment as to this prong of the municipal liability analysis is improper." *Wyatt v. Kilgore Indep. Sch. Dist.*, CIVIL ACTION No. 6:10-cv-674, at *19 (E.D. Tex. Nov. 30, 2011)

3

[…]

Second, Plaintiff has not sufficiently pleaded an "official policy." Id. at 19-20 Again *Doe*, can easily be distinguished from the facts of the instant action as the Plaintiffs in this action are alleging that the TISD Board formally adopted its discriminatory hair and grooming policy.

As stated in Plaintiffs' Opposition to TISD's Motion for Reconsideration a motion for reconsideration is not "the proper vehicle for rehashing old arguments or advancing theories of the case **that could have been presented earlier**." *Resolution Trust Corp. v. Holmes*, 846 F.Supp. 1310, 1316 (S.D. Tex. 1994).   If somehow the Court overlooks the procedural deficiencies in Defendant's Motion for Reconsideration it is clear that *Wyatt* and *Doe* do not support granting TISD's Motion for Summary Judgment.

Respectfully submitted,

*Waukeen McCoy*
_____
Law Office of Bradley Steele
Brad Steele
State Bar No. 19099350
*brad@bradsteelelaw.com*
1101 Judson Road
Longview, Texas 75601
Telephone: 903/234-8844
Facsimile: 903/234-8848

Waukeen McCoy
*mail@mccoyslaw.com*
California Bar No. 168228
111 Maiden Lane, 6th Floor
San Francisco, CA 94108
Telephone: 415/675-7705
Facsimile: 415/675-2530
*Admitted Pro hac Vice

4

ATTORNEYS FOR PLAINTIFFS