# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| M.T., a minor by and through his grandmother and next friend, EDWINA WOODLEY; and K.C., a minor by and through his mother and next friend, KAMBRY COX, | § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 2:21-CV-00364-RWS |
| Plaintiffs | | |
| v. | | |
| TATUM INDEPENDENT SCHOOL DISTRICT, | | |
| Defendant. | | |

## ORDER

Before the Court is Plaintiffs' counsel's motion for reconsideration of sanctions (Docket No. 63) and Defendant's motion for recoverable costs (Docket No. 78). The parties briefed the motions. Docket Nos. 77, 80, 90, 91. The Court previously held a hearing regarding the underlying motion for sanctions and related discovery motions. Docket No. 108. For the reasons set forth below, Plaintiffs' counsel's motion for reconsideration of sanctions (Docket No. 63) is **DENIED** and Defendant's motion for recoverable costs (Docket No. 78) is **GRANTED**.

In his briefing of both motions, Plaintiffs' counsel, Waukeen McCoy, argues that the Court only provides "[s]cant explanation" in the order granting sanctions against Mr. McCoy. *See, e.g.*, Docket No. 90 at 1–2. Indeed, the Court intended to allow Mr. McCoy some grace even though sanctions were plainly warranted. But given the filing of the motion for reconsideration and Mr. McCoy's arguments that not enough explanation was given, the Court herein provides a more fulsome record of Mr. McCoy's behavior that led to his being sanctioned.

*First*, Mr. McCoy argues that he clearly communicated to Defendant's counsel that the deposition scheduled for July 11, 2023 would not go forward. Docket No. 63 at 2. Mr. McCoy points to (1) an email he sent to Defendant's counsel on July 3, 2023, where he stated he was "unavailable" for the deposition due to an overseas vacation and (2) requests over email made by him and his staff on July 3, 2023 to reschedule the deposition. *Id.*

However, Mr. McCoy did not clearly communicate that the deposition scheduled for July 11, 2023 would not go forward, despite repeated efforts by Defendant's counsel to confirm whether the deposition was going forward or not. Mr. McCoy overlooks the fact that he himself noticed the deposition and could have made clear that the deposition was not going forward in his July 3, 2023 email. But Mr. McCoy did no such thing. Even though Mr. McCoy communicated that he was unavailable for the deposition, Defendant's counsel had no reason to believe that Mr. McCoy's co-counsel, who had appeared in this case and is listed on the docket, would not be taking the deposition. Moreover, simply asking to reschedule the deposition does not clearly communicate that the noticed deposition was not going forward. Indeed, Mr. McCoy revealed at the hearing on the underlying motion that he did not want to outright cancel the deposition because he was running up against an impending July 14, 2023 deadline for the close of discovery and wanted Defendant's counsel's agreement to take the deposition after the close of discovery. *See, e.g.*, Docket No. 108 at 37:7–15, 40:5–10. Thus, considering Mr. McCoy's admitted strategy for not wanting to cancel the deposition before securing an agreement to reschedule it for after the close of discovery, Defendant's counsel acted reasonably in assuming the July 11, 2023 deposition was going forward.

Mr. McCoy's other behavior leading up to the scheduled deposition provides further context for why Mr. McCoy failed to clearly communicate that the deposition would not go

forward and supports the Court's order. Mr. McCoy himself noticed and scheduled the deposition even though he had already booked his overseas vacation that created the conflict. Docket No. 108 at 27:13–28:22. Thus Mr. McCoy could have avoided the conflict entirely—instead, he created it. On June 27, 2023, Mr. McCoy gave only one day's notice to Defendant's counsel that he would be leaving the country on vacation, despite having scheduled his vacation about six months before. Docket No. 54-1 at 12–13; Docket No. 108 at 28:12–15. On June 28, 2023, Mr. McCoy left for Europe two weeks before the close of discovery having already noticed the July 11, 2023 deposition to occur during his vacation. *Id.*; Docket No. 108 at 28:16–12. As Mr. McCoy points out, he did email Defendant's counsel on July 3, 2023 and state that he would be unavailable for the July 11, 2023 deposition. Docket No. 58-1 at 64. But after that, Mr. McCoy repeatedly failed to respond to Defendant's counsel in the week leading up to the noticed deposition as they attempted to confirm that the deposition was not going forward. *See, e.g.*, Docket No. 54-1 at 8–13. In addition, Mr. McCoy filed a response to Defendant's related motion for protection one day before the deposition was scheduled for July 11, 2023 (*see* Docket No. 45), even though he failed to respond to Defendant's counsel's emails during that time. Given Mr. McCoy's failure to, at a minimum, confirm the deposition was off while still responding to a related discovery motion, Defendant's counsel reasonably traveled[1] to the scheduled deposition and appeared with their witness, pursuant to Mr. McCoy's notice. *See* Docket No. 54-1 at 8.

In sum, after waiting to take the deposition until three days before the close of discovery, Mr. McCoy unilaterally noticed the deposition at a time that was obviously in conflict with his

---

[1] As stated, travel to the scheduled in-person deposition was reasonable. Despite providing a time and physical location for the in-person deposition, Mr. McCoy's deposition notice also stated that the deposition "may" be taken remotely. Docket No. 58-1 at 3. But Mr. McCoy gave no other indication the deposition would be taken remotely and Defendant's counsel reasonably believed the deposition would be taken in person as noticed. *See* Docket No. 108 at 37:1–4, 42:4–14.

overseas vacation, demanded that Defendant's counsel agree to take the deposition after the close of discovery to make up for his own delay and previously scheduled vacation plans, and stopped responding to Defendant's counsel to clarify whether the deposition was going forward while still responding to a related discovery motion. Given this behavior, the Court finds that Mr. McCoy failed to clearly communicate that the deposition scheduled for July 11, 2023 would not go forward.[2] Thus, Defendant's counsel and their witness reasonably traveled to and attended the scheduled deposition, while Mr. McCoy did not. Accordingly, Mr. McCoy should be responsible for Defendant's reasonable expenses in attending the deposition that did not proceed, including attorney's fees, at least under Federal Rule of Civil Procedure 30(g).

*Second*, Mr. McCoy contends that his informal request (*see* Docket No. 45 at 3) and formal motion (*see* Docket Nos. 48, 49) to extend time to complete discovery save him from facing sanctions here. Not so. Here, Mr. McCoy's informal request to extend the close of discovery, buried in his response to Defendant's motion for protection, did nothing to communicate that the deposition scheduled for the next day was not going forward. And even assuming *arguendo* that Mr. McCoy had moved for an extension on the July 14, 2023 close of discovery (despite his filing error that was not corrected until July 16, 2023), that motion also does nothing to communicate that the deposition scheduled for July 11, 2023—at least three days prior to the filing of his motion to extend time—would not go forward.[3]

---

[2] Mr. McCoy asks in his response to Plaintiff's motion for costs: "Does an attorney have to formally withdraw a deposition notice wherein the deposition needs to be rescheduled? Or, does the plaintiff have a right to communicate in writing that the deposition will not be going forward and request additional dates?" Docket No. 90 at 1. Here, Mr. McCoy failed to do either—he did not formally withdraw the deposition notice (*see* Docket No. 108 at 34:7–10) and he did not clearly communicate that the deposition was not going forward.

[3] Mr. McCoy also provides no support for his suggestion that he was entitled to unilaterally extend the close of discovery without leave of Court.

*Third*, Mr. McCoy implies throughout his briefing that the Court must have expressly cited Federal Rule of Civil Procedure 30(g) or 28 U.S.C. § 1927 as the basis for ordering sanctions against him. *See* Docket Nos. 63, 80, 90. But Mr. McCoy fails to show this is necessary. Instead, as Defendant points out, "[l]ike a sliding scale, the degree and extent to which a specific explanation must be contained in the record will vary accordingly with the particular circumstances of the case, including the severity of the violation, the significance of the sanctions, and the effect of the award." Docket No. 77 at 2 (quoting *Topalian v. Ehrman*, 3 F.3d 931, 936 (5th Cir. 1993)). To avoid uncertainty, however, the Court expressly finds that sanctions against Mr. McCoy are warranted under Federal Rule of Civil Procedure 30(g)(1) for reasonable expenses, including attorney's fees, regarding the deposition that he noticed but failed to attend. The Court further expressly crafts sanctions to award the minimum amount of expenses to Defendant as necessary related to the conduct described herein.

Overall, the Court finds no manifest error of law or fact or newly discovered evidence that would support Plaintiffs' counsel's motion for reconsideration. It bears noting that the Court has already ordered Mr. McCoy to review Local Rule AT-3 regarding the standards of practice to be observed by attorneys practicing in this District. Docket No. 62 at 2. After reviewing the evidence in this dispute, the Court once again cautions Mr. McCoy to review Local Rule AT-3 and ensure that his conduct complies with the standards of practice set forth in Local Rule AT-3.

## CONCLUSION

Accordingly, for the reasons set forth above, it is

**ORDERED** that Plaintiffs' counsel's motion for reconsideration of sanctions (Docket No. 63) is **DENIED**. It is further

**ORDERED** that Defendant's motion for recoverable costs (Docket No. 78) is **GRANTED**. Plaintiffs' counsel **SHALL** reimburse Defendant Tatum Independent School District for its reasonable expenses, including attorneys' fees, in the amount of $2,597.00 for briefing and arguing Defendant's motion for sanctions in addition to the amount of $1,934.76 in reasonable expenses already awarded in Docket No. 62. It is further

**ORDERED** that Plaintiffs' counsel **SHALL** reimburse Defendant Tatum Independent School District for its reasonable expenses, including attorneys' fees, in briefing Plaintiffs' motion for reconsideration of sanctions in addition to the amounts of $2,597.00 and $1,934.76 in reasonable expenses already awarded. Defendant's counsel **SHALL** submit a bill directly to Plaintiffs' counsel for its reasonable expenses, including attorneys' fees, for briefing Plaintiffs' motion for reconsideration of sanctions **within thirty (30) days**.

For the avoidance of doubt, the Court specifically **SANCTIONS** Waukeen McCoy as Plaintiffs' counsel herein and in Docket No. 62. Plaintiffs (the parties themselves) have not been sanctioned and are not responsible for payment of the fees and expenses awarded herein or in Docket No. 62.

**So ORDERED and SIGNED this 25th day of March, 2024.**

*Robert W. Schroeder III* (signature)
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE