**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| M.T., a minor by and through his grandmother and next friend, EDWINA WOODLEY; and K.C., a minor by and through his mother and next friend, KAMBRY COX, | § § § § § | |
| | § | CIVIL ACTION NO. 2:21-CV-00364-RWS |
| Plaintiffs | § § | |
| | § | |
| v. | § § | |
| | § | |
| TATUM INDEPENDENT SCHOOL DISTRICT, | § § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court is Defendant Tatum Independent School District's Motion to Reconsider the Partial Denial of the District's Motion to Dismiss and Motion for Summary Judgment. Docket No. 122. The issue is fully briefed (Docket Nos. 123, 124, 132, 133) and the Court held a hearing on the motion. Docket No. 142. While the Court understands why Defendant wanted to clarify the record, Defendant's motion for reconsideration is **DENIED WITHOUT PREJUDICE**.

### LEGAL STANDARD

Under Rule 54(b), "the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (citations omitted). "[E]ven though the standard for evaluating a motion to reconsider under Rule 54(b) is 'less exacting than that imposed by Rules 59 and 60 . . . considerations similar to those under Rules 59 and 60 inform the Court's analysis.' " *Turk v. Pershing LLC*, 2019 WL 13074701, at *1 (N.D. Tex. Aug. 1, 2019) (citations omitted). This means that, like motions made

under Rules 59 and 60, motions for reconsideration under Rule 54(b) "cannot serve as vehicles for parties to 'restate, recycle, or rehash arguments that were previously made.' " *Hernandez v. Rush Enterprises, Inc.*, 2021 WL 1163725, at *1 (E.D. Tex. Mar. 26, 2021). "[P]arties should present their strongest arguments upon initial consideration of a matter." *Id.*

## DISCUSSION

Defendant seeks to invoke Rule 54(b) to clear up some potential confusion Defendant says it "likely created" at the pretrial conference, which Defendant contends the Court relied on for its "moving force" analysis. Docket No. 122 at 7–8. Reconsideration is inappropriate here.

As an initial matter, Plaintiffs are correct that motions for reconsideration should not be based on arguments that could have been presented earlier. Docket No. 123 at 10–11. Defendant argues that its motion for reconsideration does not rehash arguments that were previously made because "the District's dispositive motions could not possibly have addressed the Court's as-yet unarticulated causation analysis." Docket No. 124 at 4–5. Assuming that is true, Defendant's previous motion for summary judgment did raise the issue of "moving force" causation. *See* Docket No. 75 at 22–23 (citing *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403–04 (1997)) (setting out the elements needed to impose municipal liability on Defendant, with the third element requiring a showing that "the custom or policy was the 'moving force' behind the violation").

Instead of focusing on the temporal element of the causation prong, which is at issue in the reconsideration motion, Defendant chose to focus its motion for summary judgment on how to define a custom or official policy. *See id.* at 23–24 (discussing the grievance hearing to show there is no evidence the Board had actual or constructive knowledge of the alleged constitutional violations against Plaintiffs). Although Defendant discussed the circumstances relating to the cessation of Plaintiffs' alleged constitutional injuries, it did not argue that this cessation means that

Defendant's policy cannot satisfy the "moving force" causation requirement. *See, e.g.*, Docket No. 75 at 10 (discussing when and why Plaintiffs were unenrolled from the school district). The closest that Defendant came to making the temporal argument it now raises was when it asserted at the summary judgment hearing that the Board's act of voting on the former dress and grooming policy does not show liability because "it comes after the fact . . . The *after-the-fact knowledge* does not satisfy the causation requirement because the Board cannot be . . . said to have had a policy they knew about." Docket No. 117 at 32:3–16 (emphasis added). Defendant did not argue what it argues now—that there is no causation because Plaintiffs' constitutional injuries were completed "by the time the Board heard their grievances [as] Plaintiffs had already been sent to the Redirect Room and unenrolled from the District." Docket No. 122 at 9. This omission weighs against granting reconsideration, as "motions for reconsideration should not be used to raise arguments that could, and should, have been made before the entry of judgment or to re-urge matters that have already been advanced by a party." *United States v. Rodgers*, 2022 WL 889942, at *2 (E.D. Tex. Mar. 25, 2022). Moreover, reconsideration is unnecessary because even if Defendant's "moving force" causation argument is well-taken, it is not enough to dispose of the entire case. There are genuine issues of material fact regarding Plaintiffs' other claims. *See generally* Docket No. 119.

Accordingly, the Court exercises its discretion and denies Defendant's motion for reconsideration. *See Austin* 864 F.3d at 329.

**CONCLUSION**

For the reasons discussed, it is **ORDERED** that Defendant Tatum Independent School District's Motion to Reconsider the Partial Denial of the District's Motion to Dismiss and Motion for Summary Judgment (Docket No. 122) is **DENIED WITHOUT PREJUDICE**.[1]

**So ORDERED and SIGNED this 19th day of September, 2024.**

_Robert W. Schroeder III_
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE

---

[1] If appropriate, Defendant may re-raise this causation issue in future filings. For example, Defendant may invoke Rule 50(a) and move for judgment as a matter of law once the evidence is in the record, provided there is a good-faith basis for doing so.